A. SUMNER, Appellant, _v._ JAMES SAUNDERS, Respondent.

PER CURIAM. BLISS, J., dissenting.

1. _Agency — Declarations of agent, when competent as_ res gestæ.—An agent cannot prove the fact of his agency by his own acts and declarations alone; but when that fact has been established _aliunde,_ proof of his acts and declarations during the pendency of negotiations for a sale by him as agent, is competent as part of the _res gestæ_ to show the character and extent of his authority.

_Appeal from Shelby Circuit Court._

_Geo. Denison,_ for appellant.

_Lipscomb & Hale,_ for respondent.

ADAMS, Judge, delivered the opinion of the court.

Plaintiff sued on a note executed by defendant, October 20, 1869, due six months after date, and payable to the order of plaintiff.

Defendant, in his answer, admits the execution of the note, but states that on the 22d of March, 1870 (which was before the note was due), he (defendant) paid plaintiff, through his (plaintiff's) agent, Alexander Schriver, the sum of $50, in part discharge of

the note, and sets up tender of the balance, $38.70, and bring it into court subject to its order and control.

Plaintiff, in his reply, denies that defendant paid the $50, as alleged, in part discharge of the note, and denies that Alexander Schriver was plaintiff's. agent for the collection of the note.

On the trial the defendant was introduced as a witness on his own behalf, and offered to prove what transpired at the time the note was given, to which plaintiff objected, but the court allowed him to testify, and the plaintiff excepted. He then testified as follows: "I gave the note to Alexander Schriver, who claimed to be agent for A. Sumner, for a sewing machine, and afterwards I paid Schriver fifty dollars. When he took the note he said I could pay it at any time to Mr. Miller, by going to the express office at Shelbina, or to himself. There was an understanding that I could pay it at any time. I only wanted three months' time on the note, but he gave me six months' time. The name of A. Sumner was on the machine. It was brought to my house in a wagon. A. Sumner's name was on the sides of the wagon. At the time I bought the machine Schriver gave me a printed card, which card contained the following words and figures printed thereon: 'Alexander Schriver is our agent for Shelby county, Mo., and will sell Wheeler & Wilson's sewing machines at the following prices: No. 1, silver-plated on half case, walnut or mahogany, $95.00; No. 2, bronzed ditto, $85.00; No. 2, bronzed, on plain table, $75.00. We allow no deviation from these prices. Customers will find it greatly to their advantage to purchase direct from the agent, as the machine will be delivered at their homes and instructions given in the use, free of charge. Letters addressed to Alexander Schriver, Shelbyville, Mo., will receive prompt attention. A. Sumner.'" On the reverse side of this card is given a price list of A. Sumner's seven-octave piano-fortes, with the name of A. Sumner printed thus: "A. Sumner, St. Louis, 415 N. Fifth street." The said card was read in evidence against the objections of the plaintiff.

The witness further testified: "At the time I paid Schriver the $50, he gave me a paper [paper shown to witness]; that is the paper. Schriver wrote his name to it and gave it to me for the

money I paid him." This paper was read against the objec-
tions of plaintiff, and reads as follows: " $50. Shelbina, Mo.,
March 22, 1870. Received for A. Sumner, from James Saun-
ders, cash $50, note $35, for one Wheeler & Wilson sewing
machine, style 2 h. c., number 366,299. Alex. Schriver, agent.
Bill of sale, with warranty, will be issued by A. Sumner, 415 N.
Fifth street, St. Louis." A large part of this paper was printed,
especially the name of A. Sumner, where it appears, and on the
back is a list of A. Sumner's piano-fortes, which it is unnecessary
to set out here.

On cross-examination witness testified: "I lived near Lake-
man when I bought the machine, and when I paid the $50 to
Schriver; my wife paid Schriver the fifty dollars. I was away
from home when Schriver first came, but I think I got home
before the money was paid. I was to pay it any time I got the
money; Schriver did not have the note; I did not know where it
was. The note was not due when I paid the $50. I never saw
A. Sumner. I only know Schriver was Sumner's agent by what
Schriver told me and others have said. James Vandevor told me
Sumner wrote to him that Schriver was his agent, but not author-
ized to throw in extras with machines."

This was all the testimony offered in chief by defendant.

The plaintiff then asked the court to instruct the jury to the
effect that, admitting the testimony given on behalf of the defend-
ant to be true, he has failed in his defense. This instruction was
refused, and the plaintiff excepted.

A deposition given by plaintiff was read on his part, in which
he admits that Alexander Schriver was his agent in the fall of
1869, but says that he quit the business early in the year 1870,
and states that during the time he was selling machines he was
not announced as a collector, and had no authority to collect
notes. He says nothing about the card which Schriver produced
when he sold the machine, and there is no evidence to show that
it was not genuine.

The jury, under the instructions of the court, found a verdict
for the plaintiff for the amount tendered, allowing a credit for the
$50; and the plaintiff filed a motion for a new trial, which was

overruled. It is unnecessary to notice the instructions given at the close of the case, as the main point is the action of the court in overruling the plaintiff's demurrer to the defendant's evidence. If this evidence was competent and tended to prove the issues on his part, the rulings of the court in giving and refusing instructions at the close of the evidence were not, in my opinion, subject to criticism. The whole question is whether Schriver was the plaintiff's agent and had authority as such to receive the $50. That Schriver was agent to sell the machine and take the note, results from the fact that the plaintiff claims this note as his property; there is no pretense that the note was given for anything else than a Wheeler & Wilson sewing machine; the defendant so testifies, and there is no evidence to the contrary. He testifies that he bought the machine from Schriver, who claimed to be agent of Sumner (the plaintiff).

He testifies to what was said and done at the time of the sale, and produced Sumner's card, which was exhibited and shown to him during the pendency of the negotiations; and this card shows that Schriver was the agent for the plaintiff, for Shelby county, and advises all persons to buy directly from this agent, and that parties can correspond with this agent by writing to him at Shelbyville. Now, all these facts and admissions took place during the pendency of the negotiations for a sale, and are not mere hearsay or declarations of an agent, but are *res gestæ*, and as such are evidence. No one can constitute himself agent by his own declarations merely. To make his declarations and acts evidence his agency must be proved *aliunde*. That was done in this case. The acceptance of the note which was given for the machine was a recognition of the agency of Schriver, and the only question is as to the extent of his authority. By the card read in evidence, which is admitted to be genuine, Schriver was held out to the people of Shelby county as a general agent of plaintiff for that county. If there were any restrictions on his agency they were not brought home to the defendant. The doctrine in regard to the payment of negotiable paper before it becomes due, when it is outstanding in the hands of an innocent holder, has no application here.

The principle is well settled that if a payment is made before such paper becomes due, and it afterwards goes into the hands of an innocent purchaser before maturity, he can recover the whole amount, regardless of such payment. In Wheeler v. Quill, 20 Pick. 545, so much relied on by the counsel for the appellant, the court does not touch this question of agency. That court declared the familiar principle above alluded to, in regard to the payment of negotiable paper before maturity, and denies that the person who received the payment was agent of the owner, and on that ground allowed a recovery of the whole amount. Here the payment was made to the plaintiff's agent, which, in law, was a payment to the plaintiff himself — *qui facit per alium facit per se.*

I think the testimony given for the defendant was competent, and tended strongly to prove the issues for him. In my opinion the demurrer to the evidence was properly overruled, and the judgment of the Circuit Court ought to be affirmed.

Judgment affirmed. Judge Wagner concurs. Judge Bliss dissents.