———o———

EDWARD C. FRANKLIN, Respondent, vs. THE GLOBE MUTUAL LIFE INS. CO., Appellant.

52 461
98 421
52 461
48a 176
52 461
49a 145
52 461
57a 646
52 461
73a 9

1. *Agency—-Authority, proof of—-Written instruments—Habit and course of business.*—The authority of an agent is not necessarily to be proved by written instruments, but may be proved by the habit and course of business of the principal.

*Appeal from St. Louis Circuit Court.*

*Noble & Hunter, and W. T. Sharman,* for Appellant.

The evidence showed no authority on the part of the corporation under its charter to make such a contract.

*Stewart & Wieting,* for Respondent.

The authority of an agent to act for a corporation need not be proved by record or writing, but may be presumed from his acts and the general course of business. (Warner vs. Ocean Ins. Co., 4 Shep. [Maine,] 439.)

VORIES, Judge, delivered the opinion of the court.

This action was brought to recover damages for an alleged breach of contract on the part of defendant, which had before been entered into between the plaintiff and defendant.

It is charged in the petition that plaintiff is a physician and surgeon, and as such was employed by defendant as its medical examiner at St. Louis, except at such times as plaintiff might be absent from the city or unable to attend to such services; that plaintiff was at all times to hold himself in readiness to perform such services, except when absent, &c.; that in consideration for his services, defendant agreed to pay plaintiff the usual price allowed for such examinations, to be paid as follows: Defendant agreed to keep plaintiff's life constantly insured in such amount that the premiums would be equal to

the total amount due plaintiff for his services, and the premiums should be taken up and canceled to the extent of the value of plaintiff's services, as they severally became due.

That about the 29th day of September, 1868, plaintiff in conformity to said agreement, entered upon the service of defendant as such examiner, and from said time until about the month of July, 1869, continued to faithfully perform said duties; that about the 29th day of September, 1868, in pursuance of said agreement, defendant issued a policy of insurance upon the life of plaintiff for five thousand dollars, payable at the death of plaintiff; the premiums of $50.70 per quarter-yearly were paid by plaintiff by his services as examiner; that afterwards his services amounting to more than the premiums on said policy, defendant issued to plaintiff other policies to the amount of $5,000, the premiums of which were paid by his services as aforesaid; that the defendant in violation of its said contract, in the month of July, 1869, employed other physicians to make medical examinations as aforesaid, and refused to receive the services of plaintiff, or to pay him therefor, or otherwise perform said contract, and refused to keep the life of plaintiff insured, and to receive his services as aforesaid in payment thereof, as it had agreed to do by said contract; that at the time of said breach of said contract by defendant, its said business was increasing, so that if defendant had complied with its contract, the fees which would become due plaintiff, would have been sufficient to pay the premiums on a policy on plaintiff's life for ten thousand dollars; that by means of the breach of said contract plaintiff has been damaged in the sum of ten thousand dollars, for which judgment is claimed.

The defendant in its answer denied the making of any such contract with plaintiff, as is alleged by him in his petition, or that any services were ever rendered by plaintiff for defendant under or by virtue of any such contract. The answer states, that plaintiff applied to defendant's agent in St. Louis, about the 24th day of September, 1868, under the rules of said Company, for a policy of insurance on his life in the sum

of $5,000, that upon the payment of the sum of $50.70 and the agreement to pay said sum by plaintiff, quarter-yearly thereafter, said Company issued to the plaintiff its policy for the said sum of $5,000 ; that the policy was issued on the condition that plaintiff would pay the said quarterly payments, and otherwise comply with the conditions of the policy; that said policy is still in full force, plaintiff having paid the last quarterly payment in cash; that since said policy was issued, the plaintiff, being a physician, was called on by the agent of the defendant to make examinations of persons applying for insurance in said Company, and that for his services he was allowed three dollars for each examination, and that plaintiff without any contract or arrangement with defendant or its agent, as a matter of convenience to himself, allowed his fees for services to be retained by the agent of the defendant, to be used by plaintiff in the payment of his quarterly payments, as aforesaid ; that plaintiff made a second application for a second policy of insurance on his life, to the agent of defendant at St. Louis; that the policy was issued and placed in the hands of said agent, but never delivered to plaintiff, he not having paid the premium on the same.

A replication was filed by the plaintiff, denying the affirmative matters in the answer. A trial was had before a jury.

The plaintiff was sworn and examined as a witness before the jury. By his evidence, he fully proved the allegations in his petition, showed that his contract was made with Brawner, the agent at St. Louis, and agreed to by one Hardenburgh, the 2nd Vice President of the defendant; he also testified that the contract was to last during his life, or as long as he was able to perform the services required. The defendant objected to any statements of any agreements made between plaintiff and Brawner or Hardenburgh, on the grounds that it was not proved that they had power to bind the defendant. The evidence was admitted and the defendant excepted.

The plaintiff then read in evidence the policy of insurance given him, as stated in the petition and answer, also what purported to be an appointment of plaintiff as examining physi-

cian for the defendant, purporting to be signed by the secretary thereof, also several letters purporting to be a correspondence had with plaintiff by the officers of defendant at New York, also the notes given by plaintiff for premiums on the policy on his life ; all of these were admitted in evidence without objection, and fully show, that Brawner was agent of the Company, and that the Company recognized the employment of plaintiff by Brawner, and a number of the letters were signed by Hardenburgh. The plaintiff also offered evidence to prove the amount of his damages.

At the close of the plaintiff's evidence the court instructed the jury as follows :

" The jury are instructed that from the evidence the plaintiff is not entitled to recover."

Upon the giving of this instruction, the plaintiff took a non-suit, with leave to move to set the same aside. The motion to set aside the non-suit was made on the ground that the court had erred in giving said instruction. The motion was overruled, and the plaintiff excepted. The plaintiff appealed to General Term of St. Louis Circuit Court. The judgment of the Special Term was reversed, and the cause remanded to the Special Term, from which last judgment the defendant appealed to this court.

It is insisted by the defendant in this suit, that the time for the duration of the contract stated in plaintiff's petition is not fixed by the contract. ' It is true, that it is not stated in the petition, that the contract was by its force to continue for the life of plaintiff. It is stated, that as a part of the contract defendant agreed to keep plaintiff's life insured, and to pay the insurance at his death. The statements as made might not have been considered sufficient on demurrer, but the defendant did not demur, but made issues upon the facts stated in the petition, and went to trial thereon. The evidence on the trial tended to prove a contract as charged in the petition, and fixed its duration for the plaintiff's life, or until he became unable to perform the services of a medical examiner, and then tended to prove a breach of the contract

on the part of defendant. This was slightly variant from the allegations in the petition, and the court might have been justified in rejecting the evidence on this ground, if it had been objected to. If this had been done, the plaintiff might have amended his petition. (W. S., 1033, § 1 and following.) This was not done, but the evidence was heard, and the court at close of the evidence instructed the jury, " *that from the evidence plaintiff was not entitled to recover.*" This I think was erroneous. The defendant also contends that there was no evidence to show that defendant was authorized by its charter to make the contract sued on. The Charter was not produced on the trial, but the evidence shows that the defendant had employed medical examiners in its business, and the nature of its business would naturally imply the necessity of such employment·by the company, and in such case it is not to be presumed that the company was acting without authority ; at least they would not be permitted to rely on their want of authority, where there was no proof on the subject.

It is further contended by the defendant, that the court improperly admitted evidence to be given of a contract made by the agent Brawner, without proof having first been made, that Brawner was the agent of defendant. It is a sufficient answer to this, that the answer admits that it had an agent in St. Louis, that the application of plaintiff was made to such agent for a policy of insurance, that said policy had been issued, and premium notes given to said agent. That the agent had employed plaintiff as a physician to examine applicants for insurance made to said agent. In fact the answer admits the agency and the employment of the plaintiff, but denies the contract relied on by plaintiff ; and the notes and letters read in evidence without objection, clearly show that Brawner was agent, and that his acts in employing plaintiff were fully recognized and acted on ; but defendant denies that he made such a contract as that stated by plaintiffs.

The act of an agent must be authorized or approved by the company. The proof of authority is not confined to written evidence conferring the authority. (33 Ind., 185; 5

Wheaton, 326,) and the agency may be proved by the habit and course of business and dealing between the parties; (Walsh *et al.* vs. Pierce, 12 Vermont, 130; Chicago & N. W. Railway Co. vs. James, *et al.*, 22 Wis., 194.)

I think that the agency was admitted in the answer, as well as shown by the evidence, and while the evidence is not free from doubt, yet it tended to show a cause of action, and the case ought to have been submitted to the jury. If it should be shown on another trial, that the plaintiff could have procured employment as profitable as that entered into for the defendant, his damages might be very small, but with that we have nothing to do.

The other Judges concurring, the judgment of the General Term of the St. Louis Circuit Court, reversing the judgment of the Special Term and remanding the cause, is affirmed. Judge Sherwood not sitting.