———o———

WILLIAM BROOKS, *et al.*, Appellants, *vs.* HIRAM R. JAMESON, *et al.*, Respondents.

1. *Agents—Declarations of, when part of the res gestæ.*—Representations of an agent, at the time of making a sale as agent, are admissible in evidence as part of the *res gestæ.*

2. *Agency—How proved.*—The authority of an agent need not necessarily be proved by an express contract, but may be proved by the habit and course of business of the principal.

3. *Principal and agent—Third parties—Estoppel.*—If a man holds out another as his agent, and thus induces persons to deal with him as agent, the principal is estopped, as to such third parties, from denying the agency.

*Appeal from Gentry Circuit Court.*

*Strong & Hedenburg, and Bennett Pike,* for Appellants.

I. The taking of the notes in the names of the principals and in their business, without the continued possession of the same, or at least having the same in possession up to, and at the time of, payment, did not authorize said agents to collect the money due thereon by virtue of their agency. (Sto. Ag., 114, § 98; Doubleday vs. Krew, 60 Barb., 181.)

II. The said agents had the first two notes in their possession at the time of their collection of them. This, in connection with the fact of their having taken the same for their principals, raises a presumption of incidental authority in such agents to receive the money due on them. (Sto. Ag., 120, § 104.)

III. These agents were only special agents, and their declarations as to their authority did not determine the extent of such authority.

*Chandler & Sherman*, for Respondents.

. I. The representations, declarations and conversations of plaintiffs' agents at the time of the sale of plaintiffs' machine to defendants, and respecting the transaction, constitute part of the *res gestœ*. (Sandford vs. Handy, 23 Wend., 260.)

II. The real question is not what power was intended to be given to the agents, but what power a third person, who dealt with the agents, had a right to infer from the acts of the agents and those of the principals. (Johnson vs. Jones, 4 Barb., 373; Perkins vs. Wash. Ins. Co., 4 Comst., 645; Comm'l Bank of Lake Erie vs. Morton, 1 Hill, 501; Tradesmen's Bank vs. Astor, 11 Wend., 87.)

III. It is not necessary in order to constitute a general agent, that he should have done an act the same in specie with that in question. If he has done things of the same general character and effect with the assent of his principal, that is enough. (Comm'l Bank of Lake Erie vs. Morton, *supra ;* Perkins vs. Wash. Ins. Co. *supra.*)

IV. Persons dealing with agents, clothed with apparent authority by their principals, have the right to rely upon the acts and declarations of such agents respecting matters within the scope of their apparent authority, though they be limited in their agency, unless such persons knew of such limitations. (Howe Machine Co. vs. Snow, 32 Iowa, 433; Sumner vs. Saunders, 51 Mo., 89; Sto. Ag., §§ 137, 127, n. 2; Pickering vs. Buck, 15 East., 38; De Baun vs. Atchison, 14 Mo., 543.)

V. Ratification arises often by implication, and it is not necessary that there should be any positive or direct confirmation. Slight circumstances and small matters will sometimes suffice to raise a presumption of ratification. (Sto. Ag., §§ 252, 253, *et seq.*)

VORIES, Judge, delivered the opinion of the court.

This action was brought on an instrument described in the petition as a promissory note, which is in the following words :

"CAMERON, Mo., Aug. 9th, 1869.

"On or before the first day of October, 1870, we promise to pay Upton Brown & Co. or order, two hundred dollars for value received in thresher, with interest at 7 per cent. payable at Cameron, Mo. The express condition of the sale and purchase of said thresher is such, that the title, ownership or possession does not pass from said Upton & Brown, until this note and interest is paid in full: that said Upton Brown & Co. have full power to declare this note due and take possession of said thresher at any time they may deem themselves insecure, even before the maturity of said note.

" For the purpose of obtaining credit, we certify that we own in our own name 300 acres of land, with 180 acres improved, worth over incumbrances, $ —— ; worth of personal property over and above all indebtedness $ ——."

The petition set out this note, and was otherwise in the usual form. The answer set up the allegation that the note had been fully paid when it became due, and prayed judgment for costs. The replication simply denied the payments.

At the trial it was admitted by the defendants, that plaintiffs composed the partnership firm of Upton Brown & Co., and the plaintiffs read the note in evidence and closed. The defendants were each examined as witnesses. Their evidence tended to prove, that, at the time of the execution of the note sued on, the defendants purchased at Cameron, Missouri, of the firm of Auter Bro's & Shutt, a thresher, for which they agreed to pay eight hundred dollars, two hundred dollars of which was paid down at the time of the purchase; and that they executed three promissory notes for two hundred dollars each, payable to plaintiffs, and delivered to said firm of Auter Bro's & Shutt, as plaintiffs' agents, for the balance of the purchase money; one of said notes being made payable in October, 1869; one on the 1st of January, 1870; and the third on the 1st of October, 1870; the third one being the same on which this suit is brought; that the said Auter Bro's & Shutt represented themselves to be the agents of plaintiffs in the sale of the machine and taking the notes,

and told the defendants, that when their notes fell due to come to them in Cameron, Mo., and pay off the notes; that the defendants paid off the first note about the time the same became due to Auter Bro's & Shutt, at Cameron, Mo., who then had said note in their possession, and when the note was paid, they delivered it up to defendants; that a short time before the second note became due, defendants paid a portion of it to Auter Bro's & Shutt, at Cameron, who said they would credit the amount so paid on said note; that said note was not exhibited at the time of said payment; that, afterwards, about the time the second note became due, they paid the balance due thereon in full to Auter Bro's & Shutt, at Cameron, who then had the note, and delivered it to defendants at the time of payment; that defendants, at the time of taking up the second note, paid to said Auter & Co. $27 00, · or $35, to be credited on the note sued on, but that they did not see the note at the time, but took a receipt for such payment, signed by Auter Bro's & Shutt.

To all of the above evidence given by the defendants, the plaintiffs at the time objected, on the ground that said evidence was incompetent and not relevant to the cause. The court overruled the objection, and the plaintiffs excepted. The defendants introduced further evidence, tending to prove that, a short time after the second note executed for the machine had become due and had been paid, they received a letter from the plaintiffs, directing them to pay the same to Auter Bro's & Shutt, at Cameron, Mo., which was the only letter ever received by them from plaintiffs; that, about the time the note sued on became due, they went to Cameron to pay the balance due thereon, and paid the same to Auter Bro's & Shutt; that they did not present the note; that it was late in the evening when they called to pay it, and, when it was paid, they called for the note; one of the firm hunted for the note, another member of the firm expressed his doubts as to whether the note was there, and after the note had been hunted for unsuccessfully, they gave him a receipt for the money in full discharge of the note, Auter Bro's & Shutt, agreeing to send them the note when procured or found.

The depositions of plaintiffs, James Upton and Perry Upton, were then read in evidence, which tended to prove that the plaintiffs were partners in manufacturing threshing machines in the State of Michigan; that their business was exclusively carried on in Michigan, so far as the manufacture of machines was concerned; that they all reside in Michigan; that Auter Bro's & Shutt, a firm at Cameron, Mo., were their agents at Cameron for the sale of their machines, and as such agents possessed no authority except to sell the machines; that on the 29th of March, 1870, the plaintiffs received the note sued on from said firm at Cameron on the sale of one threshing machine; that on the 16th day of September, 1870, the note was forwarded by plaintiffs to the Cameron Deposit Bank for collection; that the note had remained in their possession from the time it was received up to the time they sent it to the bank; that said Auter Bro's & Shutt were never requested by plaintiffs to collect said note, nor did they ever have any authority to collect or receive any money thereon; that plaintiffs were always the owners and holders of the note; that plaintiffs did hold another note against defendants, which was due long before the note sued on, which at the request of the defendants was sent to Auter Bro's & Shutt for collection, but that no other note was ever sent to them for collection; that plaintiffs have never received any part of the money due upon said note; that no local agent of the plaintiffs is ever authorized to collect or receive the money upon any note or other obligation of plaintiffs, unless specially requested to do so in the particular case; that they are only authorized to receive the cash payment paid down at the sale of a machine. The defendants in rebuttal each testified, that neither of them ever requested plaintiffs to send the note or any note to Auter Bro's & Shutt for collection, nor had they ever any communication with plaintiffs of any nature whatever.

The court at the close of the evidence was requested by the plaintiffs to instruct the jury, as follows: 1st. "The pleadings in this case admit, that the defendants executed the

note sued on in this case, and, if the jury believe from the evidence that they are the persons who composed the firm of Upton, Brown & Co. at the time said note was given, the jury will find for the plaintiffs, unless they further believe from the evidence, that defendants paid the full amount of said note to plaintiffs, or to some one authorized by plaintiffs to collect the same, before this suit was brought, and it devolves on the defendants to prove such payment."

This instruction was refused by the court in the form above written, but the court inserted in said instruction, immediately after the words therein " to collect the same " and before the words " before this suit," these words " or who the plaintiffs by their acts held out to defendants as being authorized so to collect said note." The court then gave the jury said instruction so modified. To the action of the court, in refusing the instruction as originally asked and in modifying the same, the plaintiffs at the time excepted.

The plaintiffs also asked the court to give the jury the following instruction : " It devolves on the defendants to prove to the satisfaction of the jury, that they paid said note to Auter Bro's & Shutt, and that they were authorized by plaintiffs to collect and receive the amount of said note, and, unless the defendants so prove, the jury will find for the plaintiffs." This last instruction was also modified by inserting in the appropriate place therein the same words inserted in the first instruction above set forth, and then given to the jury, to which the plaintiffs again excepted.

The court then of its own motion, and at the request of the defendants, instructed the jury as follows :

1st. " If the jury believe from the evidence, that the defendants purchased of plaintiffs, who then lived in Michigan, through their agents, Auter Bro's & Shutt, at Cameron, Mo., a machine, and at the time paid said agents a portion of the purchase money, and gave to the plaintiffs three notes for the remainder of the purchase money due and payable at future times, and that said Auter Bro's & Shutt were agents for that purpose, and that defendants or any of them paid off subse-

quently two of said notes, the two first falling due, to said agents at Cameron, Mo., at the request of said agents, and that plaintiffs at that time or subsequently, and before the payment of the note in suit, ratified the acts of said Auter Bro's & Shutt as their agents; and if the jury believe, that defendants or either of them, after such payment of the purchase money and of two notes, paid off in good faith to said Auter Bro's & Shutt, as agents as aforesaid of plaintiffs, the note sued on, believing at the time that said Auter Bro's & Shutt were such agents, and without any notice from plaintiffs that they were not such agents, then the jury must find for defendants."

2nd. " If the jury believe from the evidence, that the plaintiffs by their acts held out the idea to the defendants, that Auter Bro's & Shutt were their agents, and were authorized as such to collect the amount due on the note sued on, and that the defendants, in consequence of such inducement, paid in good faith the amount of such note to such agents, the jury will find for the defendants." There were other instructions asked for by the plaintiffs and refused by the court, but they do not involve any new point not involved in the modification of the instructions above set forth. The jury rendered a verdict in favor of the defendants. The plaintiffs filed a motion to set aside the verdict and for a new trial, assigning the usual causes therefor. This motion being overruled by the court, and final judgment rendered in favor of the defendants, the plaintiffs appealed to this court.

The first objection, raised on the record of this case to the action of the Circuit Court, is to the admission of the evidence on the part of the defendants which was objected to by the plaintiffs. The evidence was objected to, because it was immaterial and irrelevant. This evidence tended to prove what was said by the agents of the plaintiffs at the time the machine was sold and the note sued on was executed. It is shown by this evidence, that, at the time the machine was purchased and the note executed, and as a part of the transaction, the agents who sold the machine told the defendants that

the notes could be paid to them in Cameron; that two of the notes were taken up from and paid to these agents, who had the notes in their possession at the times they respectively became due. This evidence was certainly admissible. There is no question but that these agents were authorized by plaintiffs to sell the machine; that fact is admitted by plaintiffs; their representations at the time of the sale then formed a part of the transaction, and were properly admissible in evidence, and when taken in connection with the fact, that the two first notes were found in their possession when due and paid to them, and with the further fact, that the notes were made payable at Cameron where the agents lived, and not in Michigan where the plaintiffs reside, strongly tended to prove, that the agents were the agents of the plaintiffs to collect the notes, and were so held out by the plaintiffs. The evidence was therefore properly admitted. (Sumner vs. Saunders, 51 Mo., 89; Howe Machine Co. vs. Snow, 32 Iowa, 433.) The authority of an agent need not necessarily be proved by any express contract of agency; but may be proved by the habit and course of business of the principal. (Franklin vs. Globe Mutual Life Ins. Co., 52 Mo., 461, and cases cited.)

The next objection made to the action of the court below is, that the court improperly refused the instructions asked for by the plaintiffs, and modified them so as to improperly present the law of the case to the jury. If the instructions as given properly presented the law of the case to the jury as applicable to the facts in evidence, it makes no difference to the plaintiffs, whether the instructions, as originally asked by them before being modified, stated a correct abstract proposition of law or not. All that they had a right to was, that the law growing out of the facts in evidence should be properly presented in the instructions. The instructions as modified tell the jury, that, unless they believe from the evidence, that defendants paid the full amount of the note sued on to plaintiffs, or to some one authorized by plaintiffs to collect the same, or whom the plaintiffs by their acts held out to defendants as being authorized so to collect said note before this suit was brought,

they should find for plaintiffs, and it devolved on the defendants to prove such payment. This instruction as modified certainly stated the law fairly, and was founded on the evidence in the case. As before stated, the notes were made payable at Cameron, Missouri. The agents, when making the sale of the machine and taking the notes, told defendants that they could pay the notes to them at Cameron; the two first notes as they became due were found in the hands of the agents, and paid to them, and the notes taken up. The plaintiffs, when the second note became due, had written to the defendants, requesting them to pay it to these same agents. This they had been told by the agents, when the notes were given, was the way the payments were to be made. If the plaintiffs had by this course of dealing held out those men at Cameron as their agents to receive the money, and this induced the defendants to pay the money to the agents, they ought to be concluded thereby. To permit the principal in such case to deny the authority of the agent would be to perpetrate a fraud upon innocent persons. (Story's Agency, § 127, and cases cited; Johnson vs. Jones, 4 Barb. [N. Y.], 569.)

The plaintiffs also object to the instruction given to the jury by the court, because the jury are told in said instruction, that, if they believe from the evidence, that the plaintiffs held out the persons, to whom the note was paid, as their agents to collect said note, by ratifying his previous acts, etc., that the defendants had a right to pay the note to said agents. This is objected to, because it is insisted, that there was no evidence tending to prove that there was any ratification by plaintiffs of the collection of the note sued on by the agents. The instruction does not assume that there was any ratification on the part of the plaintiffs of the act of the agent in collecting the money on the note sued on. The jury are only told, that if the plaintiffs, by ratifying the previous acts of the agents in collecting the two notes first due, and which had been collected by the agents, etc., had held them out as their agents to collect the money, etc. There was evidence tending to prove a ratification of the agents' acts by the plaintiffs,

33—VOL. LV.

or tending to prove that the agency really existed, and there is no substantial difference between the two. The agents had told the defendants, when the notes were executed, that they could pay the notes to them when they became due. As the two first notes became due, they were found in the hands of the agents, and paid to them; after the first note was paid to the agents, the defendants were requested by plaintiffs to pay the second note to the same agents, which was so paid. It seems to me that if, as the plaintiffs charge, the agents had no original authority to collect the notes, that these acts of the plaintiffs were a complete ratification of the agents' acts, and would amount to a holding out of the agents to the defendants as having full authority to collect the notes.

While the instructions given may not be worded in the most appropriate language, they are substantially correct, and, as we believe, the judgment is for the right party.

The judgment is affirmed. The other judges concur.

In the Supreme Court, Feb. Term, 1874.

James M. Upton, *et al.*, *vs.* Hiram Jameson, *et al.*

A motion for a re-hearing has been filed in this case, in which it is insisted, that the main point raised by the appellants in the case has been overlooked or ignored in the opinion delivered.

The point referred to is, that the payment of the first two notes by defendants to the agents at Cameron, who had sold the defendants the machine, the notes being in the agents' possession when they became due, did not authorize the court to instruct the jury, that they might infer from such payment an authority in the agents to collect the last or third note when it became due, the same not being in their possession.

That point was not overlooked. The court intended to hold in the opinion delivered, that as the agents, who were authorized to sell the machine and take the notes therefor, had agreed with defendants that the notes could be paid to said agents in Cameron, and as the two first notes as they became due were found in Cameron in the hands of the agents

and there paid; and as the plaintiffs had requested the defendants, after the first note was paid, to pay the second note to said agents, that these circumstances tended to prove that the plaintiffs not only had notice of the agreement made with the agents that the notes could be paid to them, but they also tended to prove that plaintiffs had ratified the agreement made by the agents, and that, although the instructions given to the jury were not written with technical accuracy, when taken altogether they could not have misled the jury to the prejudice of the rights of the plaintiffs.

The motion will be overruled. The other judges concur.