————o————

T. R. RICE, *et al.*, Respondents, *vs.* CHARLES GROFFMANN, Appellant.

1. *Agent—Powers—Sale and payments.—*A power to sell goods includes a power to receive payment.

2. *Agency—Authority—Mistake, party causing should suffer consequent loss.—*Where a party has so acted, that another is led to believe in the right of a third person to act as his agent, if any loss occurs by reason of any act of the supposed agent, the loss must fall on him whose conduct caused the mistake.

*Appeal from St. Louis Circuit Court.*

*Gottschalk,* for Appellant.

I. The instruction given on the part of respondent is erroneous; (*a.*) in leaving out of view the question, whether the plaintiffs were, or were not, estopped from denying the right of Berlzheimer to collect the money, by permitting the defendant to rest under the impression that he could safely pay Berlzheimer. This works an estoppel upon plaintiffs, and they cannot now allege that Berlzheimer had no right to receive said money as against defendant. Silence, when a person should speak, estops. (Skinner vs. Stouse, 4 Mo., 93; Rice vs. Bunce, 49 Mo., 231; Chouteau vs. Goddin, 39 Mo. 229; Newman vs. Hook, 37 Mo., 207; Parsons on Contracts, Vol. II, p. 793.) (*b.*) In confining the jury to the question, what authority plaintiffs had given to Berlzheimer. This is not the true criterion, but the question should have been, what authority defendant had a right to believe, from the acts of plaintiffs, that Berlzheimer possessed; for where third parties are concerned, an agent is constituted, not by the authority actually received from his principal, but by that which the

latter allows the agent to assume. (Budenberker vs. Lowell, 32 Barb., 18; Johnson vs. Jones, 4 Barb., 369; 1 Pars. Cont., 39, 40.)

II. The instructions for defendant should have been given. Berlzheimer sold the cigars on credit, and plaintiffs ratified his action; they delivered the cigars to him and he delivered them to defendants. "A party who sells goods has, *prima facie*, the right to receive payment for them" and a party who is intrusted with the possession of goods to sell them is also entitled to receive payment. (Story on Agency, § 102; Johnson vs. McGruder, 15 Mo., 365; Sumner vs. Saunders, 51 Mo., 89; Capel vs. Thornton, 3 Carr. & Payne, 352; Lumley vs. Corbett, 18 Cal., 494.)

Payment to an agent in the ordinary course of business binds the principal, unless the latter has notified the debtor beforehand, that he requires payment to be made to himself. (Pars. on Contr., Vol. 2, p. 614; Sumner vs. Saunders, 51 Mo., 89)

Whenever one of two innocent parties must suffer by the acts of a third, he who has enabled such third party to occasion such loss must sustain it. (1 Pars. Cont., p. 38, Ch. 111; Hook vs. Drake, 49 Barb., 186.)

*Leverett Bell*, for Respondents.

NAPTON, Judge, delivered the opinion of the court.

This was a suit originating in a justice's court to recover $27.50 for 500 cigars sold to defendant. It seems that the defendant bought the cigars from one Berlzheimer, who came into his saloon, and upon his assuring the defendant that he had some good cigars, such as the defendant had bought from him before, defendant finally agreed to take five hundred at forty-five dollars a thousand, if they proved to be like those he had formerly bought, and he (Berlzheimer) would wait upon defendant thirty days. The next day Berlzheimer brought the cigars and delivered them to defendant, and a bill of them, made out in the name of plaintiffs. In the course of a few weeks defendant paid Berlzheimer for the cigars and took his receipt.

One of the plaintiffs testified, that Berlzheimer was not their agent, and never had been ; that he had no authority to sell cigars for them, and none to receive the payment. This evidence was objected to by defendant. The court instructed the jury, that though defendant paid Berlzheimer for the cigars, yet this was no payment to plaintiffs unless the jury believe from the evidence that said Berlzheimer was authorized by plaintiffs to collect said money for them ; and if they believe from the evidence that said Berlzheimer was not authorized by plaintiffs to make said collection, the jury will find for the plaintiffs $27.50 with interest, etc.

The defendant asked several instructions, all of which were refused. By these instructions the court was asked to declare the law to be, that if Berlzheimer was the agent for plaintiffs in selling the cigars, the payment to him was good, unless defendant was notified not to pay him, and if he sold the cigars in question on a commission, then he was their agent for that purpose.

As the court allowed the witness, one of the plaintiffs, to state that Berlzheimer was not their agent for any purpose, the verdict was, of course, for plaintiffs under the instructions. It is very clear that Berlzheimer was intrusted by plaintiffs with some control over the package of cigars which he received from plaintiffs, and which he sold to defendant, and personally delivered to them. He was, in fact, the only person known to defendant in the transaction, unless the bill handed him by the clerk, might be regarded as advising him that the cigars belonged to plaintiffs. This, however, could lead to no question as to the extent of Berlzheimer's authority.

A power to sell goods includes a power to receive payment. This was so declared by Lord Tenterden in Capel vs. Thornton, 3 Car. & Payne, 352, and Judge Story adopts the principle in his work on Agency, (§ 102). The case of Lumley vs. Corbett, 18 Cal., 494, and the cases decided by this court, (Sumner vs. Saunders, 51 Mo., 89, and Brooks vs. Jamison, 55 Mo., 505,) maintain this doctrine. And upon an-

other ground, the plaintiffs had no right of action. When one of two innocent parties must suffer by a third, he who has enabled such third party to occasion such loss ought to sustain it. Whatever the plaintiffs may say as to the agency of Berlzheimer, it is clear that he negotiated and effected the sale to defendant; that he had the cigars and delivered them, and there was nothing to show he was not their owner except the bill; and conceding he was not, the presumption was, that as he had authority to sell, he had authority to receive payment. There was no evidence to justify the instructions for plaintiffs. The instructions asked by defendant should have been given.

The judgment is reversed and the cause remanded. The other judges concur, except Judge Wagner who is absent.