H. T. Keown & Company, Respondents, v. Peleg Vogel et al., Appellants.

Kansas City Court of Appeals, March 4, 1887.

1. Principal and Agent—Sale by Agent in His Own Name of Goods of Principal.—If an agent sells the goods *of his principal* in *his own name*, and as if *he were owner*, he is entitled to sue the buyer for the price in his own name, although the principal may also sue. Story on Agency, sect. 396.

2. —— Authority to Sell Does Not Always Involve Authority to Receive Payment.—Where the principal has clothed the agent with the *indicia* of authority to receive payment, as by intrusting to him the *possession* of the goods to be sold, the purchaser is warranted in paying the price to the agent. But when the agent *has not the possession* of the goods, *indicia of authority*, and is only authorized to *sell*, if the purchaser pays the price to the agent, he does so at his own peril, and it devolves upon him, in a suit for the purchase money by the *principal*, to prove that the agent was also authorized to *receive payment*.

Appeal from Daviess Circuit Court, Hon. C. H. S. Goodman, Judge.

*Affirmed.*

Statement of case by the court.

This was an action, begun before a justice of the peace, on an account, for the purchase price of a mowing machine. The defendants had judgment before the justice and the plaintiff appealed to the circuit court.

In the latter court the case was tried by the court sitting as a jury. Henry T. Keown was doing business alone in the town of Salem, under the firm name of H. T. Keown & Company. One Handy was employed by Keown to solicit for him as his agent the sale of machines. Keown testified that Handy was to receive no money on such sales; that the agency was to expire on July 30, and that Handy was to inform purchasers procured by him that payment by September 1, would be considered as cash. Handy made sales, but did not deliver the machines; Keown himself delivered the machines.

On June 24, Handy sold the machine in suit to the defendants and one Kepler on time. Two or three weeks after the sale the plaintiff delivered the machine to the defendants, which was thereupon tied to their wagon. Handy was not then present, but appeared soon after before the plaintiff and defendants had separated. Upon Handy's appearance, according to the defendant, Peleg Vogel, the following conversation took place between Handy and said Vogel, in the plaintiff's presence: "I said to him; we have your machine and you haven't got the money for it. Handy said that was all right; you can pay for machine any time before September 1; and I then said, I can pay you after it is set up and proves satisfactory."

Handy testified in behalf of the defendants, and in relation to said conversation he said: "Peleg Vogel said to me when I came up, we have got your machine and you have got no contract. I said, that's all right,

I know you and you know me, and when the machine is set up and proves satisfactory you can settle for it." Both Vogel and Handy testified that the plaintiff said nothing in response to said conversation.

Afterwards, on September 2, the Vogels and Kepler paid to Handy the purchase price of the machine.

The court gave on behalf of the plaintiff the following declarations of law:

"1. Although witness Handy was employed by plaintiff to act as his agent to negotiate sales of mowing and other machines, during the usual season for selling machines, and said Handy did sell a machine to defendants, and by the terms of such sale, payment was to be made thereafter, and the said machine, at the time of such sale, was in the possession of this plaintiff and was by plaintiff afterwards, pursuant to said sale, delivered to defendant; the said Handy was not authorized to subsequently collect the price thereof, in the name of plaintiff, and payment to him will not discharge the defendants, unless they have shown some authority in the agent Handy other than implied in the mere power given by the plaintiff to make the sale, and the burden of showing such authority is on the defendants."

"2. That while a power given by plaintiff to Handy to act as his agent to sell the machine might have authorized payment to him by defendants, at the same time, such power did not authorize said Handy to receive payment for plaintiff at a subsequent time, unless there be some other proof of such authority than the mere power to sell, and the burden of proof to show such authority in this case is upon the defendants."

The question, and the sole question that was presented to the trial court was, was the payment to Handy binding upon the plaintiff? No other question was raised. But it incidentally appeared from the testimony of Keown that he was the agent himself of J. E. Hayner & Company, in the sale of machines. The court found for the plaintiff.

Hicklin & Yates, for the appellants.

I.   After plaintiff had remained silent until defendants had paid his agent, it was too late to dispute the latter's authority to collect. *Pelkinton v. Ins. Co.*, 55 Mo. 172; *Brooks v. Jameson*, 55 Mo. 505.

II.   When one of two innocent parties must suffer by a third, he who has enabled such third party to occasion such loss ought to sustain it. *Rice v. Groffman*, 56 Mo. 434.

III.   The court, in the first two declarations of law for plaintiff, wholly overlooks the estoppel feature of this case, by requiring defendants to show other and additional authority in Handy to collect the money from defendants, to the authority to sell the machine to defendants to be paid for at a subsequent time. For plaintiff, by his conduct or his silence, might well estop himself from denying Handy's authority to collect, while defendants are unable to show any additional authority in Handy. These declarations are wrong for another reason. The fact, that by the terms of the sale, time was given defendants in which to pay the purchase price of machine, and purchase price was not collected at the time sale was made, but afterward, does not militate against the authority of Handy to collect. *Sumner v. Saunders*, 51 Mo. 89 ; *Rice et al. v. Groffmann*, 56 Mo. 434. In both the cases last cited the collection by agent was not made till some time after the sale. Judge Story's doctrine (Story on· Agency, sect. 102, and note) requiring collection to be made contemporaneously with sale, is not the rule in this state.

IV.   The court in refusing to give declarations of law asked by defendants, disregarded the testimony of Peleg Vogel, A. H. Handy and Kepler.

V.   Plaintiff not being the real party in interest, cannot maintain this suit (Rev. Stat., sects. 3462–63), the testimony showing that plaintiff was agent of J. E. Hayner & Company in the sale of the machine.

No brief for the respondent.

## I.

HALL, J.—The defendants made the point here for the first time that the plaintiff is not the real party in interest, he having been the agent merely in the sale of the machines. The defendants tried the case on the theory that the plaintiff was the real party in interest and ought to be bound by that theory in this court. But the point is without merit. The plaintiff did not make the sale as the agent of J. E. Hayner & Company. The sale was made by Handy as agent of plaintiff. The plaintiff in the sale acted and was known as the principal and not as the agent of any one. The plaintiff was, therefore, entitled to sue for the purchase price of the machine. It is said by Mr. Story that, "if an agent sells the goods of his principal in his own name, and as if he were owner, he is entitled to sue the buyer for the price in his own name, although the principal may also sue." Story on Agency, sect. 396.

## II.

The objections made by the defendants that the declarations of law given for the plaintiff do not state correct propositions of law, abstractly considered, are not well taken. Story on Agency, sect. 102; *Chambers v. Short*, 79 Mo. 206; *Butler v. Dorman*, 68 Mo. 298.

In the latter case the cases of *Summer v. Saunders* (51 Mo. 89), and *Rice et al. v. Groffman* (56 Mo. 434), cited by defendants are explained, and the rule is laid down that "where the principal has clothed the agent with the *indicia* of authority to receive payment, as by intrusting to him the possession of the goods to be sold, the purchaser is warranted in paying the price to the agent, but when the agent has not the possession of the

goods, *indicia* of authority, and is only authorized to sell, if the purchaser pays the price to the agent he does so at his own peril, and it devolves upon him, in a suit for the purchase money by the principal, to prove that the agent was also authorized to receive payment.'' The declarations of law correctly declared the law in accordance with the rule as thus laid down.

### III.

The defendants further contend that the conversation between Handy and Peleg Vogel, in the presence of the plaintiff, in connection with the plaintiff's silence at the time, constituted an estoppel against the plaintiff, estopping him from denying Handy's authority to thereafter accept payment for the machine, and that the declarations of law erroneously ignored the defence of estoppel. This contention is not well made. One reason for so holding will suffice. The facts stated did not constitute an estoppel unless the defendants were induced thereby, in whole or in part, to make the payment to Handy. Peleg Vogel, himself, testified that he paid Handy "*from fact that he made sale* and that I thought him the proper party to pay.''

There was not a scintilla of testimony tending to show that the defendants were in any way induced by said facts, to believe that Handy was the proper party to whom to make payment, or to make payment to him.

The case was properly tried, and the judgment is affirmed. All concur.