Mitchum, *Appellant*, v. Dunlap.

1.   **Principal and Agent**: EVIDENCE.   The declarations of one who assumes to act as the agent of another are not admissible to prove the agency.

2. ——— : ———. The authority of an agent need not be proved by an express contract of agency. It may be proved by the habit and course of business of the principal.

3. ——— : ———. Agency and the extent of the authority of the agent may be inferred from circumstances.

*Appeal from Pettis Circuit Court.* — HON. J. P. STROTHER, Judge.

AFFIRMED.

*Jackson & Montgomery* for appellant.

(1) The court erred in admitting the alleged statements of Short to the defendant, as there was no proof that Short was the agent of plaintiff. *Alexander v. Rollins,* 14 Mo. App. 109; s. c., 84 Mo. 657; *Peck v. Ritchey,* 66 Mo. 114; *Summer v. Sanders,* 51 Mo. 89. (2) For the same reasons the court erred in refusing the first and second instructions asked by plaintiff. (3) The court erred in giving the defendant's instructions because there was no evidence on which to found them. There was no evidence of the creation of an agency in advance, and especially was there no evidence of any ratification afterwards. *Winsor v. Bank,* 18 Mo. App, 665.

*Bothwell & Jaynes* for respondent.

(1) The court properly permitted defendant to testify as to the acts and agreements of U. F. Short in managing and settling plaintiff's business with defendant. There was abundant evidence to prove that Short was plaintiff's agent, and the court properly left to the jury the questions raised by the evidence and the pleadings. (2) The court properly refused the first and second instructions asked by plaintiff, as they would have excluded from the jury material issues presented by the evidence and pleadings. Whether or not Short

was authorized to act as agent for plaintiff was a question for the jury. *Lumber Co. v. Warner*, 93 Mo. 374 ; *Clark v. Hammerle*, 27 Mo. 55 ; *Mead v. Brotherton*, 30 Mo. 201 ; *Sawyer v. Railroad*, 37 Mo. 240.

BLACK, J.—This was a suit on a promissory note for $2,070 made by the defendant and payable to the plaintiff dated January 5, 1875, and due the first of January, 1876.   Defendent executed another note of the same date, amount and due at the same time, payable to U. F. Short.   To secure these two notes he executed a deed of trust of even date upon two tracts of land, one containing thirty-seven acres and the other one hundred and sixty acres.

The defense is that in the month of January, 1876, and after the notes had matured and the thirty-seven acres had been advertised for sale under the deed of trust, Short, acting for himself and the plaintiff, agreed with defendant that if he would not bid or procure any one to bid at the sale, they would buy the property at that sale and then release him from the payment of any balance due on the notes, and that defendant should become the tenant of Short and plaintiff.   Defendant alleges that he accepted the proposition, and pursuant thereto Short and plaintiff purchased the thirty-seven acres, and he took a lease from them.

There is abundant evidence in the record tending to show that Short, acting for himself and professing to act for the plaintiff, made the alleged agreement and purchased the thirty-seven acres in pursuance thereto. As proof of this agreement the statements and declarations of Short made at the date of the trustee's sale were put in evidence.   To this evidence the defendant objected because there was no proof that Short was the agent of plaintiff or had any authority to make the agreement

for plaintiff, and this objection was renewed by way of an instruction, asked by the plaintiff which was refused.

The law is well settled that the declarations of one, who assumes to act as the agent of another, are not admissible to establish the agency. *Peck v. Ritchey*, 66 Mo. 114; Whart. on Ev. (2 Ed.) sec. 1183; *Sumner v. Sanders*, 51 Mo. 89. But the authority of the agent need not be proved by an express contract of agency; it may be proved by the habit and course of business of the principal. *Franklin v. Ins. Co.*, 52 Mo. 461; *Brooks v. Jameson*, 55 Mo. 512. So too the agency and extent of the authority may be inferred from circumstances. *Hull v. Jones*, 69 Mo. 587.

In this case there is no evidence of an express contract of agency, but the evidence discloses these circumstances: Mitchum, the plaintiff, and Short purchased a debt against the defendant. To secure the debt defendant executed the two notes and deed of trust in question. This transaction was negotiated by Short for himself and the plaintiff, and his authority to make the transaction is not questioned. Short caused the thirty-seven acres to be advertised under the deed of trust and purchased the same, and took the deed to himself and plaintiff and at a subsequent date plaintiff sold his interest to Short. Short for himself and plaintiff leased the land to defendant, and the defendant paid rents to Short. Plaintiff must have known that this lease was the result of some contract made by Short, for the latter transacted the whole business. Plaintiff says Short was always his attorney when he had one. In about two months after the trustee's sale Short, as attorney for plaintiff, sued defendant on another demand for eleven hundred dollars, which he settled in 1880 by taking the note of a Mr. Grace for four hundred dollars. Plaintiff made no demand of defendant for the payment of the note in suit until eight years after the date of the trustees'

sale. The defendant was insolvent at that time, and the evidence tends to show that plaintiff and Short relied on the thirty-seven acres as their only security, the one hundred and sixty acres being encumbered by a prior deed of trust which exceeded the value of that tract. All these circumstances are disclosed by evidence other than the statements and declarations of Short, and we entertain no doubt but they furnish evidence from which the jury could of right infer that Short was authorized to make the agreement in question.

This being so the judgment must be and is affirmed. All concur.