JOSEPH HOPPE *et al.*, Respondents, v. B. F. SAYLOR, Appellant.

St. Louis Court of Appeals, January 31, 1893.

Principal and Agent: PROOF OF AGENCY. The liability of a party for the act of his alleged agent must rest upon a previous authorization or a subsequent ratification of the act. But the previous authorization need not be established by positive evidence; it may be inferred from the practice or course of business of the parties. A person may also render himself liable for the unauthorized act of another on the theory of estoppel. These principles are applied to the evidence in this cause, which is *held* sufficient to warrant the finding of an agency in dispute herein.

*Appeal from the St. Louis County Circuit Court.*—Hon. W. W. Edwards, Judge.

Affirmed.

*W. F. McEntire, Chas. B. Stark* and *A. Moore Berry,* for appellant.

Agency can be established only by evidence of express appointment, previous course of dealing, ratification or estoppel. *Alexander v. Rollins,* 14 Mo. App. 109; s. c., 84 Mo. 657. When no agency is shown, one cannot be held to have ratified the unauthorized acts of another. *Hammerslough v. Cheatham,* 84 Mo. 13. There can be no ratification of an unauthorized act, without full knowledge of all material facts. *Windsor v. Bank,* 18 Mo. App. 665; *Middleton v. Railroad,* 62 Mo. 579; *Cravens v. Gillilan,* 63 Mo. 28. To establish agency by a previous course of dealing, there must be proof of similar acts recognized and carried out by the alleged principal. *White v. Railroad,* 19 Mo. App. 400; *Fusz v. Burr,* 7 Mo. App. 588; *Brooks v. Jameson,* 55 Mo. 505; *Cupples v. Whelan,* 61 Mo. 583. The connection between the evidence offered and the matters at issue must be clear. *Hicks v. Ins. Co.,* 6 Mo. App. 254; *Schlicker v. Gordon,* 19 Mo. App. 479; *Fusz v. Burr,* 7 Mo. App. 588.

*John R. Warfield,* for respondents.

Biggs, J.—This is an action to recover compensation for cutting thirty and one-half cords of wood to be used for charcoal, and two and one-half cords to be sold on the market. The defendant denied liability. The cause was submitted to the court as a jury without instructions. There was a judgment for the plaintiffs

for the full amount. The defendant has appealed, and the principal objection urged in this court is that the evidence is not sufficient to authorize the finding. This assignment requires a reference to the facts.

The plaintiffs' evidence tended to prove the following facts: That, in the spring of 1889, they chopped the wood under a contract with one Rinne; that the contract was made with Rinne as the agent of the defendant, and upon the latter's credit; that the prices for cutting the wood, as specified in the account, were agreed on between them and Rinne, and that the defendant hauled the wood away. To establish the agency of Rinne, or for the purpose of showing a state of facts which would estop the defendant from denying the fact of such agency, the plaintiffs' proof was in substance that, in the year 1889, the defendant was in charge of a farm in St. Louis county, and was engaged in clearing the land and cutting the timber into cord wood, to be sold on the market and for charcoal purposes; that, in the first part of the year and during the time that the plaintiffs were chopping the wood, Rinne was also engaged in cutting cord wood, and in superintending other persons who were chopping wood on the premises; that Saylor lived in the city, and that he employed Rinne as his agent or manager of the business conducted on the farm, or that he at least held him out to the public as such agent or manager, and that Saylor saw the plaintiffs cutting the wood and made no objections. But it is earnestly argued that the evidence of Rinne's agency is insufficient to establish that fact. One or two of the plaintiffs' witnesses stated in a general way that the defendant visited the farm once or twice in every week, and that, when there, he consulted with Rinne about the business that was being conducted on the farm. One witness said: "I heard Mr. Saylor say to Mr. Rinne: 'You

have not paid the money to those men for their work that I gave you;' and he wanted him to give to him a secured note for the balance that he had overpaid him, and handed him a blank note. I think he wanted a note for $100. Rinne said he would give him his personal note, not a secured note." The same witness said: "I was out there [meaning the farm] with a man named Hammond, and we had bought some trees for staves. We bought the trees from Rinne, who represented himself to be the agent of Saylor. * * * Mr. Saylor approved of the transaction." Just when this purchase was made, the record does not clearly show, but the fair inference is that it took place while the plaintiffs were doing the work. The conversation concerning the payment of the money occurred just after the plaintiffs finished cutting the wood.

The plaintiffs also read the following letter from the defendant to Rinne:

"ST. LOUIS, 5-8, 1889.

"Mr. H. W. Rinne, Fenton, Mo.

"DEAR SIR:—I forgot to mention to you yesterday that I do not wish to dispose of any corn at present. I mentioned to you, when in the city, to dispose of some of it. So do not sell any. Still no rain. Hope it will rain soon, that it will plough better. I found it is little hard where Robinson was ploughing. Hope you have finished planting the piece of corn, hoping you will get yours in early next week; and please push the other pit of charcoal as fast as possible. We got home before six o'clock.　　　Yours truly,

"B. F. SAYLOR.

"P. S. Please have wagon bed fixed for hauling charcoal."

This letter was written while the plaintiffs were at work.

The law of agency is that the liability of an alleged

principal must rest on a previous authorization, or a subsequent ratification of the act. *Fanning v. Cobb*, 20 Mo. App. 577; *Alexander v. Rollins*, 14 Mo. App. 109; s. c., 84 Mo. 657. But previous authorization need not be established by positive evidence; the triers of the fact are at liberty to infer it from the practice or course of business of the parties. *Mitchum v. Dunlap*, 98 Mo. 418; *Hull v. Jones*, 69 Mo. 587; *Ingalls v. Averitt*, 45 Mo. App. 371; *McGinness v. Mitchell*, 21 Mo. App. 493. And a party may render himself liable for the unauthorized act of another on the principle of estoppel. Instances of the application of this rule are found in the books, where a person has knowingly suffered another to represent himself to the public as his agent, or where he had placed such person in a position as to his property, which was calculated to deceive others dealing with the apparent agent in reference thereto. *Fanning v. Cobb, supra; Rice v. Groffmann*, 56 Mo. 434; *Cupples v. Whelan*, 61 Mo. 585; *DeBaun v. Atchinson*, 14 Mo. 543; Story on Agency, sec. 127; Mechem on Agency, secs. 83, 84; Bigelow on Estoppel, sec. 457. Applying these principles to the facts and circumstances in evidence, it is evident that the circuit court was justified in determining the question of Rinne's agency adversely to the defendant.

The fact that the defendant, in the management of the business connected with the farm, may have acted as the agent of his wife, and that this was known, will not relieve him from personal liability. As the defendant's wife was, at that time, incapable of being sued, there being no evidence that the farm was her sole and separate property, he must be regarded as the principal, as to all persons contracting with him or his representative at the farm. *Blakely v. Bennecke*, 59 Mo. 193; *Fay v. Richmond*, 18 Mo. App. 355.

Objections are urged against the introduction of the specific items of evidence set forth herein. The form of some of the questions was objectionable as calling for the conclusions of the witnesses, but the evidence itself is free from the objection, and it is certainly relevant.

With the concurrence of the other judges, the judgment of the circuit court will be affirmed.