## DAVIS *versus* BRIGGS *& al.*

An *indorsee* of a note made by a firm to one of *its members* may maintain an action thereon against the makers.

When a partnership has been dissolved and *one* of the partners has assigned all his interest in the book debts and demands of the firm to the other, with power to collect them for his own benefit, *he* cannot afterwards exercise any control over such debts although one of them is against himself.

ON REPORT from *Nisi Prius*, RICE, J., presiding.

ASSUMPSIT, by the *indorsee*, against makers of a note made by Joseph D. Davis & Co., and payable to the order of Jos. D. Davis, one of the firm, on demand.

An account against Joseph D. Davis was filed in set-off.

The defence was, that the action was not maintainable, and that the note was not indorsed until it was overdue, and that the account in set-off should be allowed.

The firm of Davis & Co., consisting of Davis & Briggs, was dissolved in October, 1851, more than two years after

the note in suit was given, and in the agreement to dissolve, Davis assigned to Briggs all his interest in the books, debts, specialties and demands of every nature for and concerning the late co-partnership between them.

The books showed a large account against Joseph D. Davis, which was filed in set-off.

The plaintiff offered in evidence an agreement by Joseph D. Davis to be defaulted; in which was also a direction that the account in set-off should be withdrawn and no proof offered concerning it, as it was incorrect and filed without his consent.

There was other evidence in the case, and it was agreed to submit the case to the full Court with authority to draw inferences from the testimony as a jury might; and that if the action is maintainable and defendants are authorized to prove the account in set-off, the account is to be submitted to an auditor, and on his report the plaintiff to have judgment for the balance found due, (if any,) if nothing, or the action not maintainable, then the defendants to have judgment for costs.

The Court found that the note was in the hands of the original payee long after it was due, and that the amount filed in set-off should be allowed in payment.

*Morrill & Fessenden,* for defendants.

*J. Goodenow,* for plaintiff.

SHEPLEY, C. J. — This suit is upon a promissory note made by Joseph D. Davis & Co. for $2045,93, on May 10, 1849, payable to Joseph D. Davis or order, on demand, with interest, and by him indorsed.   The firm of Joseph D. Davis & Co. was composed of Joseph D. Davis and John A. Briggs, as partners in trade.   The note appears to have been justly due from the firm to Joseph D. Davis.

Although he could not have maintained an action against the firm upon it, an indorsee may, if the note be now justly due.   *Thayer* v. *Buffum,* 11 Metc. 398.

The partnership between J. D. Davis and Briggs appears to have been dissolved on October 16, 1851, when Davis assigned to Briggs all his interest in the book debts and demands of the firm, with power to collect them for his own benefit. The attempt made by Davis, in June or July, 1854, to control one of those demands against himself, and to direct that it should not be allowed in set-off, can have no effect.

In an agreement made between the former partners, on March 22, 1852, there is a provision, "that the account against said Davis shall be set off against a certain note payable to him by J. D. Davis & Co., for about twenty-two hundred dollars." Although there would be due upon the note with interest at that time, more than that sum, there can be no doubt that it was the note referred to, for no other note appears to have been at any time made by the partnership payable to Davis, to which the description could have reference.

It is also apparent, that Davis at that time assumed to have control of the note, and to agree that it should be paid by the allowance of the account against himself.

He appears to have had possession of it on March 15, 1852, and to have caused a suit to be commenced upon it in the name of the plaintiff, which was not prosecuted.

Greene, who was a clerk for the firm from January 1 to July 1, 1849, and again from July 1, 1850, to September 1, 1851, testifies that he had charge of the safe belonging to the firm; that the note was kept in it, and that he thinks it was not taken from it, or delivered to any person, while he was in their employ.

The plaintiff offers no proof respecting the time of its indorsement to him, but relies upon the presumption of law. The note being payable on demand would be overdue long before Greene left the employment of the firm. The plaintiff, upon the testimony presented, must be considered as holding it subject to the same equitable defence as if it

were in the possession of the payee, and the account due from him to the firm should be allowed in payment.

An auditor is to be appointed, upon whose report judgment is to be entered.