SHERWOOD *vs.* BARTON and others.

Where a promissory note, made by a partnership firm to one of its members, for money advanced by him to the firm, is indorsed by the payee to another, after maturity, the holder may maintain an action thereon, against the makers.

Such a note may be subject to any set-off which the partnership has; but if no such defense is shown, they cannot avail themselves of the defense that if the note had remained the property of the payee, his remedy would have been by another form of action.

APPEAL from a judgment entered upon the report of a referee. The action was brought upon a promissory note, by the indorsee, against the makers. The referee reported in favor of the defendants.

*By the Court,* INGRAHAM, P. J. This action is brought upon a note made by a firm to one of its members, for money advanced by such partner to the firm. The note was indorsed by the payee to the plaintiff. The referee held that inasmuch as the payee, being one of the partners, could not maintain an action against the firm, therefore the holder could not recover when it was transferred by the payee; except in the case of a *bona fide* holder for value. The referee also found that the plaintiff took the note after maturity. It is settled that a partner cannot maintain an action against the firm on such a note. And it is equally well settled that the holder may maintain an action, where such a note is transferred before maturity, for value. (*Smith* v. *Lusher,* 5 *Cowen,* 688.) The only question in this case, remaining, is whether the holder may not recover if the note is taken after maturity. It must be remembered that in this case the defense is not to the consideration. The note was given for money actually advanced to the firm. Its validity is not questioned. In the hands of the partner it was a valid security against the firm, for the face of it, that could at any time have been enforced by the partner, against the firm; and the only difficulty was as to the remedy to which the

partner must resort for its collection. He could not maintain an action at law, because to do so he would have to sue himself with the other partners, and would have to resort to a court of equity for relief. But still the demand would remain a valid claim, on his part, subject only to be diminished by indebtedness on his part, to the firm, if any should be found to exist. In the case cited from *5th Cowen*, it was shown that the holder of the note had knowledge, before taking it, that the payee from whom he received it had a notice that the payee was one of the firm. This destroyed the *bona fides* of his possession, so far as notice was necessary to do so. It might have been said that the knowledge of this fact should have put him on his guard, and he should not have taken such a note. But the chancellor says, "as the facts so known did not invalidate the note, against the partners, the knowledge of those facts cannot affect the claim of the plaintiff." And Colden, senator, says, at page 711, "such a note, in the hands of one of the firm, the world has a right to regard as an evidence of a debt due from the firm to the partner to whom it is given. The indorsee is justified in taking the note, although he may know and see upon its face that his indorser is one of the firm, and when the indorsee brings the action there are no technical obstacles to his recovery."

But the claim of the plaintiff is only in accordance with the contract. The firm promised to pay a sum of money received by them from their partner, to him, or to the person he might order to receive it. By the indorsement he ordered the payment to be made to the plaintiff. So long as the defendants have no objection to the original consideration and to the validity of the note, the transfer of it to the plaintiff made the firm liable to him for the amount of it. It may have been subject to any offset which the firm had, but no such defense was proved; and in the absence of such proof, the defendants cannot avail themselves of the defense that

if this note had been the property of the payee, his remedy was by another form of action.

The judgment must be reversed, and a new trial ordered; costs to abide the event.

[NEW YORK GENERAL TERM, February 3, 1862. *Ingraham, Leonard* and *Clerke,* Justices.]