HULL v. JONES *et al.*, *Appellants*.

**Proof of Agency.** It does not require direct evidence to establish an agency. It may be inferred from circumstances.

*Appeal from Cole Circuit Court.*—HON. G. W. MILLER, Judge.

*Ewing & Pope* for appellants.

*Lay & Belch* for respondent.

NAPTON, J.—The petition in this case contained two counts, but as the case was finally tried on the second count, it is unnecessary to notice the first. The second count charges a sale and delivery to defendants of 222 cords of wood, for which defendants agreed to pay the customary price—that the customary price was $3.75 per cord, and that the wood was reasonably worth that; that the money was not paid, and, therefore, asks for judgment for $832.50, with interest. The answer was a simple denial of the petition. The plaintiff had a verdict and judgment. It appeared that the wood was furnished to an agent of the Pacific Railroad Company, whose business it was to measure, and on his certificate, the defendants, who seem to have been contractors to furnish the railroad company, was to pay for the wood. The only question raised is, whether the evidence to show the agency of the road master for the defendants was competent. The court instructed the jury that the authority of Ennis (the road master) to act as agent for defendants need not be established by direct evidence showing his appointment, but it is sufficient, if from all the evidence and circumstances in evidence he was shown to be the agent of defendants for that purpose. The evidence is not fully preserved. We think the instruction was right, and that the evidence, so far as preserved,

justified the verdict.   The judgment will be affirmed.   All concur.

AFFIRMED.