S. A. YOUNG, Respondent, v. T. J. CHEW, JR., Appellant.

**November 23, 1880.**

Where a firm executes its negotiable note to one of its members, who indorses and delivers it after maturity, the indorsee may sue upon it at law.

APPEAL from the St. Louis Circuit Court, BOYLE, J. *Affirmed.*

GLOVER & SHEPLEY, for the appellant: The note was dishonored at the time of its transfer. — *Carl* v. *Brown,* 2 Mich. 401; *Ranger* v. *Cary,* 1 Metc. 373; *Sylvester* v. *Crapo,* 15 Pick. 92; *Lozer* v. *Durkin,* 7 Johns. 70; *Herrick* v. *Woolrerton,* 41 N. Y. 581; *Keyes* v. *Fenstermaker,* 24 Cal. 331; *Morey* v. *Wakefield,* 41 Vt. 24. The indorsee occupies the same position as the payee, where he takes the note after it is due, and with full notice that it was made by the firm to one of its partners. — *Simrall* v. *O'Bannons,* 7 B. Mon. 608; *Hill* v. *McPherson,* 15 Mo. 204; *Sherwood* v. *Barton,* 36 Barb. 284; *Davis* v. *Briggs,* 39 Me. 304.

ALEX. YOUNG, for the respondent, cited: *Temple* v. *Seaver,* 11 Cush. 314; *Pitcher* v. *Barrows,* 17 Pick. 361; *Little* v. *Rogers,* 1 Metc. 108; *Thayer* v. *Buffum,* 11 Metc. 398; *Sidlin* v. *Williams,* 11 Cush. 108; *Davis* v. *Briggs,* 39 Me. 304; *Smith* v. *Lusher,* 5 Cow. 688; *Sher-*

wood v. *Barton*, 36 Barb. 284; *Kipp* v. *McChesney*, 66 Ill. 460.

Lewis, P. J., delivered the opinion of the court.

This suit is upon a promissory note for $5,000, executed August 3, 1872, by the partnership firm of Koch, Chew & Co., in favor of Gustavus A. Koch, one of the partners, payable on demand, and indorsed and delivered in September, 1878, by the payee to the plaintiff. The defence relied on is that the note was transferred after maturity, and is, therefore, subject to any equities that existed between the original parties; that on account of the partnership relation the payee could not have recovered upon the note, and his transferee occupies no better position. A referee found the issues for the plaintiff, and judgment was rendered accordingly.

It may be conceded that the note was dishonored at the time of its transfer, but the question remains whether the equitable defences admitted by that circumstance include the one here attempted. It is not questioned that the payee himself could not have maintained a suit at law, on account of the insuperable objection that he would have been both plaintiff and defendant in the same action. In *Hill* v. *McPherson*, 15 Mo. 130, our Supreme Court extended this disability to the transferee. Said Judge Ryland: "We cannot see how the assignor, who could not sue himself, can give, by his assignment, power to the assignee to sue." But the note in that case was non-negotiable, and the decision was expressly founded on a statutory provision to the effect that "the nature of the defence of the obligor or maker shall not be changed by the assignment, but he may make the same defence against the bond or note in the hands of the assignee that he might have made against the assignor." Rev. Stats. 1845, p. 194, sect. 4. On the other hand, the authorities uniformly hold, on general principles, that the technical disability under consideration does not extend to

the indorsee of a negotiable note.   It affects, not the right, but the remedy, or rather the person who would enforce it. The case resembles that of a note made payable to the order of the maker : so long as it remains in his hands there is no contract, but when he indorses and delivers it to another it becomes at once an enforceable obligation.   The transmutation cannot be rendered less effectual by the fact that there are additional joint makers.   The decisions to this effect are numerous.   It will be seen that the case is not at all varied by notice to the indorsee of the preëxisting facts, or by the maturity of the note before transfer. — *Kipp* v. *McChesney*, 66 Ill. 460 ; *Heywood* v. *Wingate*, 14 N. H. 73 ; *Sherwood* v. *Barton*, 36 Barb. 284 ; *Davis* v. *Briggs*, 39 Me. 304 ; *Temple* v. *Seaver*, 11 Cush. 314 ; *Smith* v. *Lusher*, 5 Cow. 688 ; *Thayer* v. *Buffum*, 11 Metc. 398.

When a note remains, after maturity, in the hands of the payee, the only supposition consistent with the presumption of good faith in the maker, and of his ability to meet his engagements, is that some equity exists between himself and the payee which should reduce or defeat the claim appearing on the face of the instrument.   Hence, an indorsee who takes under these circumstances is held chargeable with notice of such equities, if any there be.   But the equities thus supposed must be real equities affecting the merits of the payee's demand.   A mere personal disability in the payee to sue cannot negative the maker's duty to pay ; and, therefore, such a disability is not to be reckoned among the possible equities of which the indorsee assumes the risk.   About the only equities thus assumed will be such as pertain to the consideration of the note, or to a claim of set-off held by the maker at the date of the transfer.   *Sherwood* v. *Barton, Davis* v. *Briggs, Smith* v. *Lusher, supra; Campbell* v. *Rusch*, 9 Iowa, 337 ; *Elwell* v. *Dodge*, 33 Barb. 336. In the present case, no attempt is made to deny the consideration of money advanced to the full amount of the note.   As to set-off or counter-claim, there can be no pre-

tence of any in the record. For aught that appears, the partnership affairs are still unsettled. In *Leabo* v. *Renshaw*, 61 Mo. 292, it was held that "there can be no liability from one person to another by virtue simply of the partnership relation which can be made the subject of set-off or counter-claim, until there has been a settlement." According to the findings of the referee, from the testimony before him, a settlement between the partners would bring the defendant in debt to the plaintiff's · assignor, even after payment of the note sued on.

The judgment must be affirmed. The other judges concur.