D. A. MAYER, Respondent, v. W. T. OLD, Appellant.

Kansas City Court of Appeals, April 23, 1894.

1. **Bills and Notes:** ESTOPPEL: PAYEE'S CAPACITY TO INDORSE. The maker of a negotiable note is estopped to deny the existing capacity of payee to indorse the same.

2. ——: AGENT'S AUTHORITY TO INDORSE: JURY QUESTION. Whether the trustees of a masonic lodge were authorized to indorse a promissory note is a question of fact for the jury, and it is *held*, there was evidence sufficient in the case to submit such issue to the jury.

3. ——: ——: KNOWLEDGE OF LODGE. Where the treasurer of masonic lodge has knowledge that its trustees have indorsed a promissory note, the property of the lodge, the lodge may be presumed to have notice.

4. ——: ——: RATIFICATION: INSTRUCTION. Where a masonic lodge did learn after the transaction that its trustees had indorsed a promissory note, and did not repudiate the act and tender back the consideration and demand the return of the note, but permitted the *status quo* to remain undisturbed, it thereby ratified the act of the trustees, and an instruction on ratification in such case is approved.

5. ———: ———: EVIDENCE: INSTRUCTION. *Held*, there was evidence in this case to justify the giving of an instruction that if the trustees of the lodge indorsed and delivered the note for a valuable consideration, which was received and appropriated by the lodge, then the verdict must be for the plaintiff.

6. **Witnesses:** DEATH OF LODGE TREASURER: INTEREST: CUMULATIVE EVIDENCE. The death of a lodge treasurer will not disqualify the indorsee of a note indorsed to him by the lodge from testifying as to the indorsement, when all the parties to the assignment and their trustees are alive; and if the lodge's interest in the result could disqualify such indorsee, still, as the same facts were testified to by other witnesses, his evidence being therefore merely cumulative, will not in this case reverse the judgment.

7. ———: ———: DEATH OF MAKER: SURETY. Nor will the death of the lodge treasurer and the maker of the note which the lodge indorsed render the testimony of the indorsee and other witnesses of the indorsement incompetent against the surety, who is alive and a competent witness.

*Appeal from the Boone Circuit Court.*—HON. JOHN A. HOCKADAY, Judge.

AFFIRMED.

*Sam C. Major* for appellant.

(1) In an action by the indorsee against the maker of a note, the indorsement of the payee must be proved. 2 Parsons on Notes and Bills [2 Ed.], p. 485; *Bank v. Pennington*, 42 Mo. App. 355. (2) And where a note is presented, purporting on its face to have been indorsed by an agent, the agent's authority must be shown. *Union Sav. Ass'n et al. v. Diebold*, 1 Mo. App. 323; *Choutou et al. v. Filly*, 50 Mo. 174; *Stone v. Palmer*, 28 Mo. 539. (3) There could be no legal transfer of the note without the assent of the holder. *Goodfellow v. Landis*, 36 Mo. 168; *Smith v. Johnson*, 71 Mo. 382; *Quigby v. Bank*, 80 Mo. 189. (4) As we understand the law, a ratification, to be valid, must be made with a full knowledge of the transaction; the

accepted doctrine in this state is,. "There can be no ratification without knowledge." *Hyde v. Larkin*, 35 Mo. App. 365. (5) The court erred in allowing the plaintiff, D. A. Mayer, to testify in the case; the payee of the note was an unincorporated association, and under the pleadings directly concerned in the result of the suit; said Mayer was a member of said association at the time he alleges said note was transferred to him, and at the time of trial; and Rucker, the original maker of the note, was alive at the time of the alleged transfer, but dead at the time of the trial. Law of Witnesses, by Rapeler, p. 125; *Fink et al. v. Hag et al.*, 42 Mo. App. 295.

*Odon Guitar* and *C. B. Sebastian* for respondent.

(1) We hold that under the authority of the by-laws quoted, and the order of the lodge directing the trustees to settle with D. A. Mayer & Bro., and procure their deed to the hall, they had authority, in order to meet a deficiency in the treasury, to borrow the money (as they did in part) and to hypothecate, or negotiate, any of the negotiable securities of the lodge. The power to do so followed "by necessary implication," and the order "to procure the deed" was nugatory without it. Story on Agency [5 Ed.], secs. 58, 59, 60 –127; *Mitchum v. Dunlap*, 98 Mo. 419; *Franklin v. Ins.*, 52 Mo. 461; *Brooks v. Jameson*, 55 Mo. 512; *Hull v. Jones et al.*, 69 Mo. 587; *Nicholson v. Golden*, 27 Mo. App. 132; *Johnson v. Hurley*, 115 Mo. 513. (2) The court below committed no error in giving the instructions asked by respondent, and in refusing those asked by appellant, on the proposition of ratification. Story on Agency [5 Ed.], secs. 90, 253, 255, 256; *Watson et al. v. Bigelow et al.*, 47 Mo. 413. (3) Notice to agent is notice to principal. Story on Agency, secs. 140,

451; *Bank v. Lovitt*, 114 Mo. 519. (4) The question of agency was a question for the jury. *Lumber Co. v. Warner*, 93 Mo. 374; *Mead v. Brotherton*, 30 Mo. 201; *Mitchum v. Dunlap, supra; Hull v. Jones, supra; Milan et al. v. Porter*, 31 Mo. App. 569. (5) Respondent was a competent witness for all purposes in the case, reaching to the "original contract." One of the parties thereto, on the opposing side (the appellant) being alive, a party to this suit, and testifying in his own behalf on the trial thereof. *Williams v. Perkins*, 68 Mo. 468; *Nugent v. Curran*, 77 Mo. 323; *Wallace et al. v. Jecko*, 25 Mo. App. 313; *Messemer v. McCray et al.*, 113 Mo. 382.

SMITH, P. J.—This is a suit on a promissory note made by John F. Rucker, principal, and the defendant as surety, for $200 payable one day after the date thereof, to the order of the Sturgeon Lodge A. F. &. A. M., No. 174, which said note was alleged in the petition to have been assigned by said Lodge to D. A. Mayer & Bro., for value received and by the latter sold and delivered to plaintiff, the present legal owner and holder thereof. The answer admitted the execution of the note but put in issue the assignment. It further pleaded that said lodge was an unincorporated association of which plaintiff and defendant were, at the time of the execution of the note and still were, members; that said lodge by an order of record ordered the said note so owing to it to be collected; that under said order the records of said lodge showed that said note had been paid and that plaintiff was fully advised of the fact by such entries of record; that defendant being likewise so advised and replying upon the same as true, took no legal steps to save himself harmless as surety as he otherwise could and would have done, the principal of

the note being at that time solvent, but since then has become insolvent and has departed this life.

The replication interposed a denial of the allegations of new matter. There was a trial resulting in judgment for plaintiff, from which defendant has appealed.

The defendant objects that the payee of said note being an unincorporated society was without capacity to assign the same. This objection is not well taken for the reason that the rule of law is, that the execution of a negotiable note estops the maker to deny the existing capacity of the payee to indorse the same. This is upon the principal that by making such note he intimates to all persons that he considers the payee capable of making an order sufficient to transfer the property in the note. To permit the maker to dispute the power of the payee to indorse such an instrument under such circumstances, would be an intolerable fraud upon the public. Daniels on Neg. Inst. secs. 93, 536; Bigelow on Estop., 495–499; *Young v. Chew*, 9 Mo. App. 387; *Knaus v. Givens*, 110 Mo. 58; *Insurance Co. v. Bowman*, 60 Mo. 252; *Insurance Co. v. Needles*, 52 Mo. 17; *St. Louis v. Shields*, 62 Mo. 247. It follows, therefore, that the defendant is estopped to make the defense suggested by his objection. Whether the said lodge was incorporated or not, is not made to appear by the evidence, nor is it material, one way or the other, that it should.

The defendant further objects that the evidence does not show that the two trustees of said lodge, who made the assignment, had any authority so to do. The record of the lodge offered in evidence tended to show that the said trustees had been elected and were acting as such when they made the indorsement of the note. It further appears from the by-laws of the lodge that any two of said trustees should constitute a quo-

rum for the transaction of the business pertaining to their office. It further appears from the evidence that said lodge had purchased a hall for $1,500 and that the trustees were ordered by the lodge to settle with D. A. Mayer & Bro., to get a deed therefor from them. The treasurer had been ordered to collect the note sued on and with that view he called on Rucker to pay the same, who declined for the reason that he was without money. Without making the collection of this note there was not money in the treasury of the lodge sufficient to pay the purchase money for the hall. On this fact being made known to the plaintiff he proposed to the treasurer that he would buy the note for its face, and interest thereon, if the trustee would indorse the same to D. A. Mayer & Bro., which accordingly they did, he giving his check for the amount thereof to the treasurer which was subsequently paid. The trustees thereby enabled the treasurer to make payment of the purchase price of the hall so that they could obtain the deed as they were ordered to do. These facts are undisputed. The inference is clear enough that the lodge was fully advised of the fact that the deed had been procured.

Whether the trustees were authorized by the lodge to make the indorsement, was a question of fact for the jury to determine from the evidence. The court we think correctly instructed the jury, at the instance of the plaintiff, in effect, that though the trustees indorsed the note without the knowledge or authority of the lodge to Mayer & Bro. for a valuable consideration, yet if said lodge afterwards received and applied to its own use the consideration and otherwise acquiesced in such indorsement, that such acts were a ratification of the authority of the trustees, and the verdict should be for plaintiff for the unpaid balance on the note, provided Mayer & Bro. had for a valuable consideration sold the

note to plaintiff. There was some evidence to justify the submission of the case to the jury on that theory of the instruction just referred to. *Watson v. Bigelow*, 47 Mo. 413.

The defendant, however, contends that this theory of the plaintiff's instruction is erroneous, in submitting to the jury the question of ratification, for the reason that it did not appear from the evidence that the lodge had knowledge of the indorsement of the note by the trustees and so could not ratify their act. It does not clearly appear from the evidence at just what time the fact that the indorsement had been made first came to the actual knowledge of the lodge. Its treasurer had notice of the fact, and, if there was nothing more, we should be inclined to think notice to him was notice to the lodge. Story on Agency, sections 140, 451; *Bank v. Lavitt*, 114 Mo. 519. But that the lodge did acquire actual knowledge of the transaction later on is conceded all around, and when it did acquire such knowledge it did not repudiate the act of the trustees and tender back the consideration that had been covered into the treasury, and demand the return of the note, but permitted the *status quo* to remain undisturbed and thereby ratified the act of the trustees.

Another instruction given for plaintiff told the jury that if they found from the evidence that the trustees indorsed and delivered the note in behalf of the lodge to Mayer & Bro. for a valuable consideration which was received and appropriated by it to its own use, and Mayer & Bro. for a valuable consideration sold the note to plaintiff their verdict should be for him. From the power conferred on the trustees by the by-laws and the order to settle with Mayer & Bro. and procure their deed to the hall, we think the jury might well have inferred the authority to negotiate the note and thereby raise the amount of money

necessary to meet the deficiency in the treasury, for otherwise the order to procure the deed would have been nugatory. This we think to be so upon principle and authority. Story on Agency [5 Ed.], secs. 58, 59, 60, 127; *Mitchum v. Dunlap*, 98 Mo. 419; *Franklin v. Ins. Co.*, 52 Mo. 461; *Brooks v. Jameson*, 55 Mo. 512; *Hull v. Jones et al.*, 69 Mo. 587; *Nicholson v. Golden*, 27 Mo. App. 132; *Johnson v. Hurley*, 115 Mo. 513. The instructions given for defendant, we think, were far more liberal towards him than he was entitled to.

We can discover no ground upon which those asked by him and refused could have been given. The case went to the jury upon instructions which in substance were unexceptionable in their statement of the rules of law applicable to the case and the defendant has, therefore, no ground of complaint on that account.

The defense of estoppel pleaded in the answer was submitted to the jury under an instruction given for defendant, so there is no complaint in respect to it.

The death of Robinson, the treasurer of the lodge, did not disqualify the plaintiff as a witness in the case, for the reason that neither party to the assignment, about which he testified, nor the trustees or agents connected therewith were dead at the time of the trial. If interest of the lodge in the result of the suit would disqualify plaintiff under the statute, which we can not see would be the case, still the facts which his testimony tended to prove were likewise testified to by other witnesses, so that it was at least but cumulative evidence.

Nor can we think that plaintiff with the witnesses Graves and Jesse, were incompetent because of the death of Rucker the principal in the note, or Robinson, the treasurer. The defendant being alive was a competent witness for all purposes in the case reaching to the original contract; the statute did, therefore, not

impose a disability on any of the parties referred to. *Williams v. Perkins*, 68 Mo. 468; *Nugent v. Curran*, 77 Mo. 323; *Wallace v. Jecko*, 25 Mo. App. 313; *Messemer v. McCray*, 113 Mo. 382.

The judgment seems to be for the right party, and, as no ground of error has been called to our attention materially affecting the merits, we are bound to affirm the judgment which is accordingly ordered. All concur.