WILLIAM T. WISDOM, Respondent, v. NATHANIEL. SHANKLIN et al., Appellants.

### Kansas City Court of Appeals, April 4, 1898.

1. **Bills and Notes:** HUSBAND AND WIFE: ESTOPPEL. A husband who makes a negotiable promissory note to his wife is estopped in an action by her indorsee to deny her power to make the indorsement.

2. **Pleading:** GUARDIAN. An allegation in a petition against a person of unsound mind which declares that the codefendant is the duly appointed, qualified and acting guardian, is sufficient.

3. **Promissory Note:** PLEADING: ANSWER: ADMISSION: GUARDIAN. A guardian of a person of unsound mind has power to make an admission in his answer; and where the answer alleges that since the making of the note certain payments had been made thereon, the execution is admitted.

4. **Bills and Notes:** INSANE PERSON: PROOF OF EXECUTION: STATUTE: EVIDENCE. By reason of section 2187, Revised Statutes 1889, section 2186 has no application in an action against a guardian of a person of unsound mind charged to have executed the note sued on; and the execution of such note must be shown before it can be introduced in evidence.

*Appeal from the Grundy Circuit Court.*—HON. P. C. STEPP, Judge.

REVERSED AND REMANDED.

HARBER & KNIGHT for appellant.

(1) The petition is wholly insufficient to support the judgment. It does not show when Mr. Shanklin became of unsound mind, whether before or after the alleged execution of notes in suit; by what court, whether of Iowa, Arkansas or Missouri, or at what time Mr. Berry was appointed his guardian. (2) There was

no proof of the execution of the notes, or either of them; without such proof the court was not authorized against the specific objection of defendant to receive them in evidence. Collins v. Trotter, 81 Mo. 275; R. S. 1889, secs. 2186 and 2187. (3) At the date of the alleged making of the note mentioned in second count of the petition by Nathaniel to Nora B. Shanklin, and at all times thereafter, said Nathaniel and Nora B. were, as it is admitted in the reply and shown by the evidence without dispute, husband and wife, hence they could not contract with each other. The contract being void, neither the said Nora, her said father or other person could maintain this action at law thereon. Lindsay v. Archibald, 65 Mo. App. 117; McCorkle v. Goldsmith, 60 Mo. App. 475; Ellsworth v. Hopkins, 58 Vt. 705; Roby v. Phelon, 118 Mass. 541.

GEO. HALL & SON for respondent.

(1) The petition sufficiently stated the relation of the defendants and the capacity in which they were being sued. 1 McQuillin's Pleading and Practice, sec. 297; Bliss on Code Pleading [1 Ed.], sec. 145; R. S. 1889, secs. 2039 and 2060; State to use v. Patton, 42 Mo. 530; State to use v. Bartlett, 68 Mo. 581; Bird v. Cotton, 57 Mo. 568. The defect, if any, was cured after verdict. R. S. 1889, secs. 2100, 2113. The defendant waived the defect in the petition, if there was any, by answering. Spillane v. R'y, 111 Mo. 555. (2) The execution of the note was authority to the wife to negotiate the same and the plaintiff as indorsee can sue at law on the same and the maker is estopped to deny the validity of the note. Mayer v. Old, 57 Mo. App. 639, 643; Young v. Chew, 9 Mo. App. 387; Knaus v. Given, 110 Mo. 58, 66; McClain v. Weidemeyer, 25 Mo. 364; Menkens v. Heringhi, 17

Mo. 297; Randolph on Com. Paper, sec. 294; Daniels on Neg. Inst. [4 Ed.], sec. 354; 4 Am. and Eng. Ency. of Law, 172, note 3, 173. The wife of defendant Shanklin was *sui juris* and could bind herself by indorsing the note. Leete v. Bank, 115 Mo. 184; Brown v. Dressler, 125 Mo. 589; R. S. 1889, sec. 6864; Moeckel v. Heim, 46 Mo. App. 340; Hiltenbrandt v. Robitzsch, 62 Mo. App. 437; Goldsmith v. Toussig, 60 Mo. App. 460. (3) Plaintiff made proof of the genuineness of the indorsement of the note which was all that was necessary to establish a *prima facie* title to the note and a right to recover thereon. Worrell v. Roberts, 58 Mo. App. 197; Mayer v. Old, 51 Mo. App. 214; Bank v. Pennington, 42 Mo. App. 355; Reinhard v. Coal Co., 25 Mo. App. 350.

ELLISON, J.—This action is based on two negotiable promissory notes. The note declared on in the first count is payable to plaintiff. The one declared on in the second count was given by defendant Nathaniel Shanklin to his wife Nora, and by the latter indorsed for value before due to the plaintiff. The judgment below was for plaintiff on both counts.

It is insisted that since the note in the second count was given by the husband to his wife it was a void contract and that plaintiff, as indorsee from the wife, could not maintain an action thereon—that plaintiff as indorsee took no greater right than his indorser had. The position is untenable. Conceding that defendant Nathaniel could not make a valid note to his wife, it would not avail the defense, since by making a negotiable note to his wife, he affirmed her capacity as indorser, to transfer the title to another person. In other words, he affirmed her to be *sui juris* and is estopped to deny it in an action by the indorsee.

*BILLS and notes: husband and wife: estoppel.*

Randolph on Com. Paper, sec. 294. See, also, Daniels, Neg. Inst., sec. 354.

The question has not always met with consistent answers at the hands of various courts, but it will be seen that what we have said is sustained by the best considered authority. Certainly one who executes a negotiable promissory note, promising to pay to the payee *or the payee's order*, a sum of money, ought not to be permitted to deny his act when called upon by the indorsee. His promise to pay to the payee's order is a direct affirmance that the payee has a right to make the order and every rule of estoppel applies to him. Smith v. Mavsack, 6 C. B. 486; Robertson v. Allen, 59 Tenn. 233; McIver v. Dennison, 18 Q. C. 2 B. 619. Any other rule would be "a fraud upon the public." Drayton v. Dale, 2 B. & C. 298.

In Massachusetts and some other states it is held that a note given by husband to wife or by wife to husband was void at law and that the maker could not be held even by an indorsee, though if the note was given to the husband and by him indorsed he only could be sued as indorser and held by estoppel. Kenworthy v. Sawyer, 125 Mass. 28; Robey v. Phelon, 118 Mass. 541; Binney v. Bank, 150 Mass. 579. But those cases are not in accord with that sound reason which customarily supports the decisions of that court.

In Mayer v. Old, 57 Mo. App. 639, we held that an indorsee of a note made payable to an unincorporated society could sue the maker and that the latter could not be allowed to set up the incapacity of the payee to make the indorsement, since by making the note to such society, he affirmed its capacity to indorse. And we apply here that rule to the note between husband and wife.

Since the execution of the note, Nathaniel Shanklin became insane and defendant Berry was appointed

PLEADING: guardian. his guardian. The objection is made that there is no allegation of the appointment of Berry by a proper court. The petition alleges that "the defendant Nathaniel Shanklin is a person of unsound mind, and that the defendant Corydon L. Berry is the duly appointed, qualified and acting guardian," etc. This allegation is sufficient. State to use Edwards v. Bartlett, 68 Mo. 581.

The next objection to the judgment relates to the court's action in admitting the notes in evidence without proof of their execution. The execution PROMISSORY note: pleading: answer: admission: guardian. of the notes was not denied under oath, but defendant contends that since Nathaniel is insane, section 2186, Revised Statutes 1889, which declares that the execution of a note shall be adjudged confessed unless it be denied under oath, has no application under the provisions of section 2187; and that therefore his objection to the introduction of the notes without proof of their execution should have been sustained. We agree with the defendant as to the note in the first count and would agree with him as to the one in the second count if it were not for the fact that the execution of the latter note is admitted in the guardian's answer. That the guardian has power to make such admission we regard as practically determined in Collins v. Trotter, 81 Mo. 275. It was there held that a general guardian of a person of unsound mind "can act in regard to his ward's interests, just like an ordinary litigant, and waive objections to the admission of testimony to the same extent as if acting in his own right." If he may do that there is no reason why he may not, by answer, confess an issue tendered by a petition on a promissory note.

But it may be suggested that the answer does not admit the execution of that note. It does not make such admission in specific terms. It yet in effect

makes the admission. It pleads part payment and matter by way of set-off. It contains the following averment: "Defendant further answering says that since the making of said note (in the second count) and prior to the alleged assignment thereof by the said Nora B. to this plaintiff, her said father, there was paid by said Nathaniel and should have been credited thereon as follows," etc.

But there is no such admission in the answer as to the note in the first count. As to that note the answer is a general denial. By the terms of section 2187, the terms of section 2186, declaring that the execution of a note shall be adjudged confessed unless denied under oath, have no application in a case against a person representing one charged to have executed the instrument sued on. The statute makes specific mention of executors and administrators, but its terms are broad enough to include guardians of insane persons.

*BILLS and notes: insane person: proof of execution: statute: evidence.*

It follows that for the error in admitting the note sued on in the first count without proof of its execution, the judgment must be reversed and the cause remanded. All concur.