AZEL F. SUMMERVILLE. Respondent, *vs.* THE HANNIBAL AND ST. JOSEPH RAILROAD COMPANY, Appellant.

1. *Agent—Authority of, how proved—Adoption of acts.*—Where a person has recognized another as his agent, by adopting and ratifying his acts done in that capacity, he will not be permitted to deny the relation to the injury of third persons, who have dealt with him as such.

*Appeal from Livingston Circuit Court.*

*James Carr,* for Appellant.

*John M. Vories,* for Respondent.

The authority of the agent of a corporation may be implied from the adoption or recognition of acts by the corporation. (Kiley vs. Forsee, 57 Mo., 390 ; Southgate vs. A. & P. R. R., 61 Mo., 89.)

WAGNER, Judge, delivered the opinion of the court.

This was a suit for specific performance, and the only question in the case is, whether the purchase money for the land bought by the plaintiff was ever paid to the defendant.

This question was submitted to a jury, under an issue framed by the court ; and they found for the plaintiff. The court adopted the verdict, and rendered a decree in his favor. As this was an equitable proceeding, we pay no attention to the instructions.

It seems that the plaintiff paid the purchase money in full to one Merriweather, who was the land agent for the defendant at Chillicothe, and whether he was authorized to receive the money, and whether his receiving it bound the defendant, is the only issue presented.

Plaintiff introduced a receipt, dated at Chillicothe, April 6th, 1870, in these words : " Received from A. F. Summerville four hundred fifty 15–100 dollars, which — agree to deliver for him to the express company, to be sent to the land office of the Hannibal and St. Jo. Railroad Company, in Hannibal, to contract No. 3978 of Sec. — , Tw. — R., as per application. (Signed). C. M. MERRIWEATHER."

Plaintiff also introduced a letter from the treasurer of defendant to Merriweather, acknowledging a remittance of money from him, and returning twenty-five cents, which was said to be counterfeit; also blanks from the land department to Merriweather, giving instructions in reference to making cash remittances. An additional letter from the land department of the defendant was given in evidence, stating to Merriweather, that there was a balance due on plaintiff's contract, and making inquiry about it, and reminding him that the contract was liable to forfeiture. A further letter from the same source was introduced, making inquiry of the agent in regard to several different contracts and what amount the purchasers owed.

A notice from the defendant was then read in evidence, which was signed and promulgated subsequent to the payment of the money, and the transactions hereinbefore alluded to, notifying the public that Merriweather had ceased from a certain date to be agent for the company, and till the appointment of a new agent at Chillicothe, all business would be transacted at the Hannibal office. To the introduction of all the foregoing testimony defendant objected; but the court overruled the objection and admitted it.

Plaintiff then proved the payment of the purchase money in full to Merriweather, and proved further by several witnesses that they had paid money to Merriweather for the purchase of land, and that the company had received it and sent their deeds through him.

Defendant offered a witness connected with the land department of the company, who testified that Merriweather was a mere agent to sell lands, but had no authority to receive the money in payment for them.

The most numerous class of cases of agency is that which relates to affairs, where the agency is proved by inference from the habit and course of dealing between the parties. The extent of the authority conferred on the agent is ordinarily known and ascertained only by implication from the recognition, or conduct, or acquiescence of the principal. And

where the principal has recognized another as his agent by adopting and ratifying his acts done in that capacity, he will not be permitted to deny the relation to the injury of third persons, who have dealt with him as such.

The evidence, submitted and objected to, was admissible to show how the company treated and regarded Merriweather as its agent, and its acquiescence in, and ratification of, his acts. It showed, that he was consulted about contracts; that money was received by him, and that instructions were given to him in relation to its transmission. Other and independent evidence showed, that in numerous instances money was paid to him on these land contracts, and that the company received it and forwarded back the deeds through him. This was not only a ratification and acquiescence in his acts, but it was holding him out as possessing authority to receive the money.

A point has been raised by counsel, that the receipt only showed an undertaking to transmit the money to Hannibal to the defendant. But we think there is nothing in it. The receipt used was a printed blank, and the evidence is, that the money was paid to Merriweather, as agent, and that he received it as such, and the defendant must be held bound by his acts.

Judgment affirmed. All the judges concur, except Judge Vories, who is absent.