JAS. E. BENNETT, et al., Appellants, v. SAM POTASH-NICK, Respondent.*

Springfield Court of Appeals, January 7, 1924.

1. **NEGOTIABLE INSTRUMENTS:** Signatures to Negotiable Instruments May be Made by Agents. The signature of a party to a negotiable instrument, such as the check sued on, may be made by an authorized agent, under Revised Statutes 1919, section 806.

2. **PRINCIPAL AND AGENT:** Evidence of Previous Check Signed with Defendant's Name, Competent on Question of Authority: Authority of Son to Sign Father's Name to Check Established Like Any Other Agency. Where a son deposited with brokers separate checks signed with the father's name followed by his own, and also drew a check similarly signed, payable to a hotel, which was paid, as were two of those given the brokers, evidence of the check given the hotel was competent on the question of authority, on the theory that it tended to show a course of dealing on the part of the alleged agent which has been sanctioned or ratified by the alleged principal, and was competent for what it was worth in the chain of circumstances on the theory of implied agency, and the authority of the son to so sign the checks could be established like agency in any other case, and the father's promise to pay the check should be considered along with the other facts and circumstances tending to show that the son had authority in the first instance to sign his father's name.

3. ———: Agency Implied from Prior Habits or Acts. Agency may be implied from prior habits or course of dealing between the parties.

4. ———: **Statute on Scope of Agent's Authority, not Applicable Where There is no Question as to the Scope or Extent of the Alleged Agent's Authority.** In an action against a father on a check signed with the father's name by the son, where there was no question as to the scope or extent of the son's authority, if he had any authority so to sign, section 808, Revised Statutes 1919, providing that a signature by procuration operates as notice that the agent has but a limited authority, was inapplicable.

5. ———: **Evidence as to Whether Son had Authority to Sign Father's Name to Check and Whether Father is Estopped, Held Sufficient to go to the Jury.** In an action on check drawn by defendant's son, who signed the father's name by himself, where there was evidence of previous checks so drawn and paid by the father, and of a promise by the father to pay the check sued on, *held*, that it was sufficient to take the case to the jury on the theory that the son signed the defendant's name as agent, and also on the theory of estoppel to deny the agency.

6. **PLEADING: Evidence as to Legality of Consideration Incompetent Because not Pleaded.** In action by brokers on a check alleged to have been drawn by defendant's son as agent for defendant, evidence of illegality of consideration was incompetent when not pleaded.

---

*Headnote 1.   Bills and Notes, 8 C. J. section 196;   2.   Parent and Child, 29 Cyc. p. 1665;   3.   Agency, 2 C. J. section 37;   4.   Parent and Child, 29 Cyc. p. 1664;   5.   Parent and Child, 29 Cyc. p. 1665;   6.   Bills and Notes, 8 C. J. section 1265.

Appeal from the Scott County Circuit Court.—*Hon. Frank Kelly*, Judge.

REVERSED AND REMANDED.

*Harry C. Blanton* for appellant.

(a) A check executed in the same manner as the one in controversy is admissible in evidence to show agency even though plaintiff had no knowledge of such check at time of transaction in controversy.   Sharp v. Knox, 48 Mo. App. 176; Bonner v. Lisenby, 86 Mo. App. 670.   (b) The court erred in permitting defendant to go into the matter of the original account between plaintiffs and defendant's son, as no failure or illegality of considera-

tion for check was pleaded by defendant. 6 R. C. L., p. 819, sec. 215, and note 14; School District v. Stocking, 40 S. W. 660, 138 Mo. 672; Shohoney v. Quincy Co., 132 S. W. 1059, 231 Mo. 131. (c) Agency may be established by circumstances and by course of prior conduct. Plummer v. Knight, 137 S. W. 1019, 156 Mo. App. 321; Cummings v. Hurd, 49 Mo. App. 145; Sharp v. Knox, 48 Mo. App. 169, 175 et seq.; Bonner v. Lisenby, 86 Mo. App. 670; Mosby v. Commission Co., 91 Mo. App. 504. (d) Agency may be established by subsequent ratification as well as by prior authorization. McLachlin v. Barker, 64 Mo. App. 526; Ferris v. Thaw, 72 Mo. 450; Middleton v. Railway, 62 Mo. 579; Short v. Stephens, 92 Mo. App. 154; Suddarth v. Empire Co., 79 Mo. App. 592 et seq. (e) Where plaintiff uses some of defendant's witnesses plaintiffs are not conclusively bound by their testimony, where not uncontradicted. Bennett v. Punton Sanitarium, 249 S. W. 669; Black v. Epstein, 120 S. W. 754, 221 Mo. 286. (f) Agency may be created by estoppel. Sharp v. Knox, 48 Mo. App. 169; Law Reporting Co. v. Elwood Grain Co., 115 S. W. 475, 135 Mo. App. 10; Matlock v. Paregoy, 173 S. W. 8, 188 Mo. App. 93; Haubelt v. Mill Co., 77 Mo. App. 679; Suddarth v. Empire Co., 79 Mo. App: 592, et seq.; Thornhill v. Masucci, 216 S. W. 819, 202 Mo. App. 357; Renick v. Brooke, 190 S. W. 641; Valiquette v. Clark, 77 Atl. 869, 83 Vt. 538, 34 L. R. (N. S.) 440; 21 R. C. L., par. 34, p. 856. (g) Agency may be established by estoppel even though not pleaded where received in evidence without objection. Suddarth v. Empire Co., 79 Mo. App. 592, et seq.; McDonnell v. DeSoto Assn., 75 S. W. 444, 175 Mo. 240; Cape Girardeau Co. v. St. Louis Co., 121 S. W. 306, 222 Mo. 486. (h) Where facts are received in evidence without objection which defendant claims should have been alleged in petition, appellate court will treat such petition as if amended to conform to the evidence. Ehrlich v. Mittelberg, 252 S. W. 671; Price v. Hallett, 38 S. W. 455; 138 Mo. 501; Cook v. Kerr, 192 S. W. 466; State ex rel. Clements v. Clardy, 185 S. W. 184, 267 Mo. 371; Sawyer v. Railway, 57 S. W. 108, 156 Mo. 468; State ex rel. Gromer, 252 S. W. 707;

Williams v. Ellis, 239 S. W. 157. (i) Where defendant offers evidence and requests instructions, and tries case without objection that petition stated no cause of action, is estopped to deny the sufficiency of plaintiff's petition. Greer v. Railway, 158 S. W. 740, 173 Mo. App. 276; Hayes v. Bunch, 91 Mo. App. 471; Rigsby v. Oil Co., 91 S. W. 462, 115 Mo. App. 267; Marsh v. Davis, 251 S. W. 390. (j) Where defendant demurs to original petition, but answers to amended petition, petition will be sustained. Peterson v. Commonwealth Co., 249 S. W. 148. (k) There was sufficient evidence to go to the jury on theory of estoppel. Cummings v. Hurd, 49 Mo. App. 145; Morse v. Diebold, 2 Mo. App. 163; Moore v. Ziba Bennett Co., 227 S. W. 756; Mechem Agency, secs. 282-283; Valiquette v. Clark Co., 77 Atl. 869, 34 L. R. A. (N. S.) 440, 83 Vt. 538. (l) The section shows on its face that it applied to a signature by ''procuration,'' which is not the case here. Secs. 806, 807, 808, R. S. 1919; Brannan Negotiable Instruments (3 Ed.), p. 78, sec. 21; Daniel and Douglas, Elements Law of Negotiable Instruments, p. 77, sec. 123. (m) The check sued upon having been executed and delivered in Illinois is not governed by the law of Missouri pleaded by respondent. Houck v. Sharp, 83 Mo. App. 385; 8 C. J. 95, par. 163. (n) No new consideration is required to hold a person ratifying a prior unauthorized act. Ferris v. Thaw, 72 Mo. 446, 450; First National Bank v. Gay, et al., 63 Mo. 39, et seq. (o) Where defendant offers a general demurrer to the evidence on the entire case without challenging sufficiency as to any particular count, and then offers an instruction on the theory of estoppel, he will not be permitted to claim in the appellate court that there was no evidence to go to the jury on such theory of estoppel. Ramsey v. Railway, 253 S. W. 1079, 1082; Torrence v. Pryor, 210 S. W. 430; Crum v. Crum, 132 S. W. 1070, 231 Mo. 639; Miller v. Prough, 221 S. W. 164, 203 Mo. App. 413; Schinogle v. Baughman, 228 S. W. 897, 899.

*R. E. Bailey* for respondent.

(a) A signature by procuration is notice that the agent has but limited authority to sign. Sec. 808, R. S. 1919. (b) An instrument made without authority not collectible. See Sec. 810, R. S. 1919. (c) When an instrument is signed or endorsed in the name of one person by another the plaintiff must prove the authority of the agent. Bank v. Hohm, 146 Mo. App. 669, 125 S. W. 539; Metlock v. Pamjoy, 188 Mo. App. 95, 173 S. W. 8. (d) Ratification must be pleaded. Lipscomb v. Talbott, 243 Mo. 1, 147 S. W. 798.

BRADLEY, J.—Plaintiffs, a copartnership, operating under the firm name of Jas. E. Bennett & Company, sued on a $1200 check drawn by defendant's son. The court directed a verdict for defendant, and plaintiffs appealed.

The petition is in two counts. The first on the theory that the son signed defendant's name as his agent, and the second on the theory that defendant is estopped to deny the son's agency. The answer put in issue the two theories. The facts are as follows: Defendant lived at Sikeston in Scott county. The son, nineteen years old at the time, went to Cairo, Ill. and tried his luck on the board of trade, plaintiffs handling his account. On May 5, 1921, the son deposited with plaintiffs $100, and on May 10th thereafter deposited another $100. These two deposits or payments were made by checks drawn by the son, payable to plaintiffs, and drawn on the Bank of Sikeston, and signed "Sam Potashnick, by R. B. Potashnick." The son testified that the first deposit or payment he made was cash, but plaintiffs' evidence tends to show it was by check the same as the second, and for the purposes of the statement, a directed verdict having been returned, we will assume that the two deposits were made by check as plaintiffs' evidence tends to show. These two checks in due course reached the Bank of Sikeston and were paid by defendant. On May 25, 1921, the check sued on was drawn by the son payable to Albert Lee, who at the time was employed by plaintiffs, and endorsed by Lee and delivered to plaintiffs. This

check was signed the same as the other two—"Sam Potashnick, By R. B. Potashnick." When this check reached the Bank of Sikeston, payment was refused. It also appears that the son on May 14th drew a $75 check payable to a hotel in Cairo, and that it was signed the same as the others and that defendant paid the hotel check. Lee testified that defendant in Sikeston told him that he had had trouble before on account of his son signing his, defendant's, name to checks and that he did not then have the ready cash to pay this check, but that he would pay it.

The foregoing is the evidence presented by plaintiffs to show agency and estoppel. Defendant and the son both testified that the son had no authority to use defendant's name in any manner whatsoever in relation to drawing checks, and defendant explained that he paid the other checks because he owed his son.

The trial court directed a verdict in favor of defendant on the first count on the ground that no substantial evidence had been offered tending to establish agency, and on the second count on the ground that the petition on this count failed to state sufficient facts to constitute a cause of action.

The signature of a party to a negotiable instrument, such as the check sued on, may be made by a duly authorized agent. Section 806, Revised Statutes 1919. Defendant does not contend otherwise, but he says that there is no substantial evidence tending to show that his son was authorized to sign this check. In the case before us the alleged agent signed defendant's name for the benefit of the alleged agent. The only evidence offered tending to establish agency was the three checks, one of which plaintiff had no knowledge of. Plaintiff contends that these constituted some evidence tending to establish agency, and that the court should not have directed a verdict on the ground that there was no substantial evidence tending to establish agency. These three checks having been drawn as stated, and having been paid by defendant, plaintiffs contend, tends to prove the course of dealing on the part of the alleged agent,

which course of dealing defendant recognized and approved. Defendant challenged the competency of the hotel check on the ground that plaintiffs, when they received the check sued on, had no knowledge of the hotel check, and the trial court excluded this evidence. This check was competent for what it was worth in plaintiffs' chain of circumstances on the theory of implied agency whether they knew about it at the time or not. [Sharp v. Knox, 48 Mo. App. 168.] Such evidence is competent on the theory that it tends to show the course of dealing on the part of the alleged agent which has been sanctioned or ratified by the alleged principal. Do these facts constitute any substantial evidence of agency? The authority of the son to sign the checks as they were signed could be established like agency in any other case. [Bank v. Hohn, 146 Mo. App. 699, 125 S. W. 539.] In Sharp v. Knox, supra, the court quotes with approval Mechem on Agency as follows: "Where it appears the alleged agent has repeatedly performed acts like the one in question which the principal has ratified and adopted, his authority for the performance of the disputed act may be inferred." We might say here that defendant's promise to pay this check, if made, should be considered along with the other facts and circumstances tending to show that the son had authority in the first instance to sign defendant's name.

The general rule is laid down in 2 C. J., sec. 37, p. 441, that agency may be implied from prior habits or course of dealing between the parties. In support of this rule the following Missouri cases are cited: Summerville v. Railroad, 62 Mo. 391; Brooks v. Jameson, 55 Mo. 505; Franklin v. Ins. Co., 52 Mo. 461; Phillips v. Mfg. Co., 129 Mo. App. 396, 107 S. W. 471; Bonner v. Lisenby, 86 Mo. App. 666; Haubelt Bros. v. Rea & Page Mill Co., 77 Mo. App. 672; Farley v. Stroeh, 68 Mo. App. 85; Cummings v. Hurd, 49 Mo. App. 139; Sharp v. Knox, supra. [See, also, Johnson v. Hurley, 115 Mo. 513, 22 S. W. 492, and Rice v. Groffman, 56 Mo. 434.] In Johnson v. Hurley, supra, the court quoted with approval from Mechem as

214 M. A.—33.

follows: "It may, therefore, be stated as a general rule that, whenever a person has held out another as his agent authorized to act for him in a given capacity, or has knowingly and without dissent permitted such other to act as his agent in such capacity; or where his habits and course of dealing have been such as to reasonably warrant the presumption that such other was his agent authorized to act in that capacity, whether it be in a single transaction or in a series of transactions, his authority to such other to act for him in that capacity will be conclusively presumed, so far as it may be necessary to protect the rights of third persons who have relied thereon in good faith and in the exercise of reasonable prudence, and he will not be permitted to deny that such other was his agent, authorized to do the act that he assumed to do, provided that such act is within the real or apparent scope of the presumed authority."

In Haubelt Bros. v. Rea & Page Mill Company, supra, the court gave expression to the same rules of law affecting agency as appears in Mechem above quoted. In the last-mentioned case the court said: "And it may be stated as a general rule that wherever a person has held out another as his agent, authorized to act for him in a given capacity, or has knowingly and without dissent permitted such other to act as his agent in such capacity, or where his habits and course of dealing have been such as to reasonably warrant the presumption that such other was his agent, authorized to act in that capacity, whether it be a single transaction or a series of transactions, his authority to act for him in that capacity will be conclusively presumed so far as it may be necessary to protect the rights of third persons who have relied thereon in good faith and in the exercise of reasonable prudence; and he will not be permitted to deny that such other was his agent authorized to do the act he assumed to do, provided that such act is within the real or apparent scope of the presumed authority."

2 C. J., sec. 32, p. 436, states that agency may be implied from a single transaction. In support of the statement the text cites among others Haubelt Bros. v. Rea &

Page Mill Co., supra, and Grant v. Humerick, 123 Iowa, 571, 94 N. W. 510. In the latter case plaintiff, a dealer in monuments, employed on Stein as a workman in the shop. During the time Stein was working for plaintiff he attended to the front room of the shop when necessary, and on two different occasions prior to the one in question received and receipted for money due plaintiff. The first of the payments, $160, so received, was on November 14, 1900. This payment Stein was expressly authorized to receive and receipt for, and it was turned over to plaintiff. The other payment for received and receipted for December 20, 1900, and was turned over. January 14, 1901, defendant went to the shop to pay her account. No one was there but Stein. Defendant stated to Stein the purpose of her call, and he informed her that he could receive the money. Stein also told defendant that he had received and receipted for the Raffenburg money, which was the $160 payment. Defendant paid the money to Stein, and he gave her a receipt in the name of plaintiff. Stein pocketed the money and fled. Plaintiff sued to recover on the account, and defendant pleaded payment. The lower court sustained the plea of payment, and on appeal was sustained. The Supreme Court of Iowa quoted in part from Mechem, as appears, supra, and added: ''Where it appears that an alleged agent has performed acts similar to the one in question, which have been ratified by the principal, his authority may be implied.'' [Citing Cupples v. Whelan, 61 Mo. 583, and others.]

Defendant invokes section 808, Revised Statutes 1919, of our Negotiable Instrument Act. This section provides that a signature by procuration operates as notice that the agent has but a limited authority to sign, and the principal is bound only in case the agent in so signing acted within the actual limits of his authority. Whether the manner in which defendant's name was signed to the check sued on falls within the scope of ''by procuration'' as used in said section we need not determine. There is no question here as to the scope or extent of the alleged agent's authority. He either did or

did not have authority to sign defendant's name to the check sued on, and that is the only question raised in the first count of plaintiffs' petition.    It is our conclusion that plaintiffs presented sufficient evidence to go to the jury on the first count of their petition.

The learned trial court directed a verdict on the second count on the theory that plaintiffs in their second count did not state facts sufficient to constitute a cause of action.    The petition was not specifically challenged.    At the close of the case instructions were submitted, some of which were given and some refused.    Then it seems the court decided that plaintiffs could not recover on any theory at bar, and announced his holding, and gave a peremptory instruction to find for defendant.    Defendant does not attempt to point out in what particular plaintiffs' second count is defective.    It appears, however, that plaintiffs do not allege that they paid out anything on the check sued on, or were in any manner injured by relying upon the supposed agency of the son.    On a retrial plaintiffs may amend in the particular mentioned, and in others if they desire.

Plaintiffs' second count is predicated on estoppel. In 2 C. J., sec. 42, p. 444, it is stated: "Implied agency does not include, and is technically speaking, distinguishable from agency by estoppel, although the two are usually confused, and the courts as a rule do not attempt to make any distinction, but use the two terms synonymously.    An implied agency is an actual agency and is a fact to be proved by deductions and inferences from other facts, while in a strict sense agency by estoppel should be restricted to cases in which the authority is not real but apparent."    Such is the distinction as we understand it.    Frequently the case is that the same facts may be offered in support of either theory.    We do not deem it necessary to go into a lengthy discussion of the law of agency by estoppel.    Some of the cases we cited, supra, on the first count, the implied agency theory, are equally applicable here.    We will refer to one case which plaintiffs cite, among others, on the estoppel theory.    It is, we think, in point.    In Valiquette v. Clark Bros. Coal

Mining Co., 77 Atl. 869, 83 Vt. 538, 34 L. R. A. (N. S.) 440, it appears that plaintiff was the proprietor of a hotel; and one Boynton was manager thereof. J. F. Scott was employed by defendant to sell coal on commission. Scott stayed at plaintiff's hotel from April 15th to June 16, 1908, and received letters there from defendant. On April 30th Scott owed plaintiff $47.50 for board, and handed Boynton a draft for $75 drawn by Scott on defendant in favor of the Berwick Hotel, and requested Boynton to apply the draft in payment of the board bill, and in a few days to give him the balance of the money. Boynton took the draft, deposited it in a bank for collection, and it was paid by defendant in due course, and the balance over the board bill was turned over to Scott. On May 14th Scott owed plaintiff for board and for cash advanced, and gave Boynton a like draft for $75, and requested that $20 thereof be applied on the cash advanced account, and the balance be paid to him, Scott, and this was done. This draft was deposited for collection and was in due course paid. On May 25th Scott, who was then owing plaintiff a considerable amount for board and for cash advanced, gave Boynton a draft of that date for $150 drawn by Scott on defendant in favor of the hotel, and requested credit on his bill, and an advance of $110 in cash. This request was granted, and the draft paid as were the other two. On June 15th Scott, who then owed for board and for cash advanced, gave Boynton a draft for $250 drawn by himself on defendant and in favor of the hotel, and requested Boynton to cash same, pay the board bill, and give Scott the balance, $125, in cash, which Boynton did. This draft was deposited like the others. Defendant refused to pay this last draft. Plaintiff nor Boynton, until the draft was protested, had any intimation that Scott did not have authority to make drafts on defendant for his expenses. Plaintiff recovered on the draft on the theory of implied agency, but estoppel was also mentioned. The court said: "As to the merits of the case it is argued that Scott had no authority to draw the draft in suit on the defendant, unless its acceptance of the three prior drafts was in law an im-

plied authority, and we think it was, for it appears that those drafts were drawn without authority, and their payment was virtually holding Scott out to the plaintiff and accrediting him as having authority to draw the draft in suit. It was an approval of a series of like prior acts that well might have induced the plaintiff to believe that such authority existed, and to take the draft on the faith of it, and that he was thus induced, and did thus take the draft, is not questioned in argument except as hereinafter stated. If the defendant, after having accepted and paid the third draft, did not want to be bound by a fourth, it should have notified the plaintiff to that effect; and, as it did not, it is to be taken as assenting thereto. This is the doctrine of Keyes & Co. v. Union Pacific Tea Co., 81 Vt. 420, 71 Atl. 201; and it is applicable here. But the defendant says that it was the duty of the plaintiff to ascertain the extent of Scott's authority, and, not having done it, he took the draft at his peril. But the principle does not apply here, for the defendant is estopped by its acts and culpable silence to deny the authority. [Locklin v. Davis, 71 Vt. 321, 45 Atl. 224.] There the plaintiff was taken to have intended the natural consequence  of her silence, on the ground that if one by words, conduct, or culpable silence, though not intending to defraud, leads another who acts prudently to believe that a certain state of things exists, and who acts upon that belief, he is estopped to deny the existence of that state of things if the other party would be prejudiced thereby; for such a denial would be a breach of good faith, and therefore fraudulent.''

There are numerous cases in this State holding that agency may be established by estoppel, and this is not questioned, so it will not be necessary to discuss estoppel further.

We think that plaintiffs made a case for the jury on the theory of estoppel. If the cause is retried, and both theories go to the jury, separate instructions should be framed on each theory.

Plaintiffs complain about the court permitting defendant to go into the son's account with plaintiffs. Ob-

jection was made to this evidence on the ground that want of or legality of consideration was not pleaded. This is true, and under the answer this evidence was not competent. If defendant desires to make an issue along those lines the facts relating thereto should be pleaded. Plaintiffs say that the check having been given in Illinois, and all the transactions of the son having been in Illinois, the Illinois law will govern as to the consideration, etc. No foreign law was pleaded and none offered. We mention this so that in the event of another trial proper steps will be taken, if the Illinois law is relied on in any particular.

The judgment below should be reversed and the cause remanded, and it is so ordered. *Cox, P. J.,* and *Farrington, J.,* concur.