### GOSNEY v. METROPOLITAN LIFE INS. CO.

### BENSON v. SAME.

#### Nos. 11666, 11667.

Circuit Court of Appeals, Eighth Circuit.

Aug. 19, 1940.

650

Ira B. Burns, of Kansas City, Mo. (Paul T. White, of Kansas City, Mo., on the brief), for appellants.

Clay C. Rogers, of Kansas City, Mo. (O. C. Mosman, of Kansas City, Mo., on the brief), for appellee.

Before GARDNER and SANBORN, Circuit Judges, and COLLET, District Judge.

COLLET, District Judge.

Action to recover damages for personal injuries received as a result of the negligent operation of an automobile owned and operated by defendant's soliciting and collecting agent. Plaintiffs' separate actions were consolidated in the trial court and were so presented here. The parties will be referred to as they appeared below. This cause has heretofore been before this Court when it was remanded for a new trial confined to the issue of the alleged liability of the Metropolitan Life Insurance Company. Reference is made to the former opinion for the facts developed at the former trial. See Metropolitan Life Ins. Co. v. Gosney, 8 Cir., 101 F.2d 167. Only such facts as are necessary to the determination of the limited issues presented on this appeal will be stated.

Upon retrial plaintiffs produced testimony to the effect that Mr. Monahan was Assistant Manager in charge of the soliciting agent Kelly, whose negligence caused plaintiffs' injuries; that about ten days prior to the accident resulting in plaintiffs' injuries Mr. Monahan told Kelly to get plaintiffs *in his car* and sell them some insurance; that again on the morning of the accident Monahan told Kelly to get plaintiffs in his car "and write him (plaintiff Gosney) some insurance this afternoon if he possibly could, over the weekend." That afternoon (Saturday) about six o'clock Kelly came to the place where plaintiffs roomed and undertook to talk to Gosney about buying some insurance. Gosney told him he did not have time to talk to him as he was about to go down town to meet his roommate, plaintiff Benson. Kelly offered to take Gosney to meet Benson. They went downtown in Kelly's car, met Benson and the three started back to Gosney's room, to enable Gosney to get his money with which to pay the first premium on an insurance policy Gosney had just agreed to buy. On the route to Gosney's room Kelly stopped to make a collection for the defendant. After the trip was resumed, with Kelly driving, the accident occurred. Kelly's negligence was established at the former trial and is the law of the case. Neither Gosney's home where Kelly met him on the evening of the accident, the place where Benson was picked up, the place where Kelly made the collection, or the place of the accident were within Kelly's territory or "debit." It is conceded that Kelly was, at the time of the accident, engaged in an effort to sell ordinary life insurance as distinguished from "Industrial Weekly Premium Debit Business."

Defendant was interested only in the result of Kelly's work and not in the method or means of travel used. It did not reserve the right of direction or control over the means or method of transportation used by Kelly. See Metropolitan Life Ins. Co. v. Gosney, supra, and Vert v. Metropolitan Life Ins. Co., 342 Mo. 629, 117 S.W. 2d 252, 116 A.L.R. 1381.

At the conclusion of the evidence the trial court submitted three special interrogatories to the jury which were as follows:

"1. At and shortly before the time when plaintiffs were injured was Willard A. Monahan assistant manager in Kansas City, Missouri, for the defendant, Metropolitan Life Insurance Company, under whom Charles Kelly was working?

"2. Did Mr. Monahan direct Mr. Kelly to get Gosney and Benson in his automobile and to sell them insurance for the defendant Metropolitan Life Insurance Company?

"3. If your answer to question No. 2 is 'yes', then you will answer this question: Were plaintiffs injured while riding in Kelly's automobile pursuant to Monahan's direction to Kelly?"

An affirmative answer was returned to each question.

After the return of the special verdict the Court sustained defendant's motion for judgment and entered judgment for defendant upon the grounds that:

(1) "there was a complete failure of proof that Kelly at the time, as the carrier in his automobile of plaintiffs, was the servant of defendant, acting within the scope of his employment. And

(2) "there was complete failure to prove either that defendant's Assistant Manager Monahan, who, the jury found, directed Kelly 'to get plaintiffs in his automobile and to sell them insurance for the defendant' had any authority from the defendant to give Kelly any such direction, or that Kelly was under any duty to the defendant to obey any such direction if it were given."

The sole question for determination on these appeals is the accuracy of the above quoted conclusions of the trial court. That question must be determined by the common law of Missouri if the subject is there covered.

Plaintiffs first contend that the trial court was in error in holding that the proof failed to show that Kelly was a servant of defendant and acting within the scope of his employment at the time of the accident. It is asserted that Kelly was acting as a servant of the defendant at the time of the accident.

In Vert v. Metropolitan Life Insurance Company, supra, the Missouri Supreme Court had under consideration the relationship existing between an agent such as Kelly and this same defendant under a contract identical with the one involved here, with the one asserted distinction that Kelly's contract provided that it might be modified.

The contract in the case at bar, absent modification, and the contract in the Vert case being in all material aspects the same, it would be idle to enlarge upon the reasoning forming the basis for the ruling of the Missouri Supreme Court adjudicating the relationship created by that contract, since the conclusion reached by that Court is controlling. The Vert case clearly holds that the relationship created by the contract of employment with the soliciting agent did not create a situation which resulted in responsibility of the defendant for the negligent act of its agent in the operation of the agent's privately owned and personally operated automobile while engaged in the solicitation of "ordinary insurance" outside the agent's debit. The Supreme Court has since reiterated the conclusion reached in the Vert case in the later case of Snowwhite v. Metropolitan Life Insurance Company, 344 Mo. 705, 127 S.W.2d 718.

Mere knowledge of and acquiescence by defendant in Kelly's use of his own automobile in the discharge of his duties is not sufficient to make defendant responsible for its negligent use. Riggs v. Higgins, 341 Mo. 1, 106 S.W.2d 1; Vert v. Metropolitan Life Ins. Co., supra. Neither was there any effort to show that by the nature of the work required by the contract defendant either reserved the right of direction or control, or by implication directed the use of Kelly's automobile. See Riggs v. Higgins, supra.

The trial court correctly ruled that the proof failed to show that Kelly's use of his automobile was at the direction or under the control of defendant at the time of the accident—unless his contract of employment was modified by Monahan.

It is asserted that the conclusion of the trial court was erroneous in holding that the proof failed to show that defendant's Assistant Manager Monahan had any authority to direct Kelly to use his automobile in the performance of his duties or that Kelly was under any duty to follow such direction if it was given.

The contract between defendant and Kelly contained the following provision: "16. My employment as Agent under this contract as well as the duties and emoluments thereunder may be revoked, terminated, *changed or modified* at any time by the Company in its discretion or at its option." Plaintiffs contend the contract was modified by the Assistant Manager Monahan's direction to Kelly that he use his automobile on this particular occasion. In determining the sufficiency of the evidence we assume that Monahan actually gave the direction to Kelly to use his automobile. The important question is whether the record contains any proof of Monahan's authority to give Kelly such instructions and thereby modify the latter's contract with defendant.

Actual authority may be shown by circumstantial evidence. But when that character of evidence is utilized the resulting authority is none-the-less actual although sometimes characterized as an implied authority. 2 C.J.S., Agency, §§ 91, 99, pp. 1186, 1227. Hall v. Union Indemnity Co., 8 Cir., 61 F.2d 85 (8).

The principal may also be bound by the act of an agent upon principles of estoppel and fair dealing when the principal, or the agent with the principal's consent, commits acts or creates appearances which lead a third party to believe that an agency of a particular character exists. Baker v. Kansas City, etc., R. Co., 91 Mo. 152, 3 S.W. 486; James H. Forbes Tea & Coffee Co. v. Baltimore Bank, Mo. Sup., 139 S.W.2d 507, loc. cit. 509; Hall v. Union Indemnity Company, supra. But the doctrine of estoppel is invoked only when the third party knew and relied on the conduct of the principal. 2 C.J.S., Agency, § 23, p. 1050; Berryhill v. Ellett, 10 Cir., 64 F.2d 253.

Plaintiffs do not make the distinction between proof of actual agency and agency by estoppel. Many of the cases cited are based on estoppel. Some are based on actual or implied agency. We must, therefore, determine whether either has been shown.

There is no suggestion that plaintiffs relied upon any authority of Monahan to direct Kelly's actions when they accepted Kelly's invitation to ride with him in his automobile. Neither is there any intimation that any knowledge on plaintiffs' part of Monahan's authority or lack of authority would have affected their actions to the slightest extent. In fact, it is apparent that plaintiffs either had no knowledge of Monahan's relation to defendant or had no concern whatever as to his authority to direct Kelly's conduct. Under such circumstances "ostensible" authority arising from estoppel does not exist. 2 C.J.S., Agency, § 23, subd. g, p. 1050; Berryhill v. Ellett, 10 Cir., 64 F.2d 253 (10); Baker v. Kansas City, etc., R.

Co., 91 Mo. 152, 3 S.W. 486; James H. Forbes Tea & Coffee Co. v. Baltimore Bank, Mo. Sup., 139 S.W.2d 507, loc. cit. 509.

█ The proof of actual authority either express or implied, does not require or necessarily include proof that the third party who seeks to establish the agency, knew of or relied upon its existence. Bennett v. Potashnick, 214 Mo. App. 507, 257 S.W. 836; Berryhill v. Ellett, supra. But the facts and circumstances relied upon to establish the agent's authority whether it be actual or ostensible, must consist of the words or conduct of the principal, unless acts of the agent are shown to have been with the principal's knowledge and express or tacit consent. Mechem on Agency 725; 3 C.J.S.; Agency, § 324, subd. c., p. 285; State ex rel. v. Becker, 318 Mo. 516, 1 S.W.2d 103; Berryhill v. Ellett, supra. Since there was no evidence whatever that the defendant knew of Monahan's direction to Kelly, that act of Monahan's may not be utilized as evidence that Monahan possessed authority to give the order.

The question is thus narrowed to the determination of whether the acts and conduct of the principal, as shown by the evidence, constituted proof, prima facie, of Monahan's actual authority to direct the use of Kelly's automobile.

The evidence, in that respect, was to the effect that defendant had a District Manager at Kansas City who was in charge of what was known as the Pennway District. The District Manager had four Assistant Managers, one of whom was Mr. Monahan. Mr. Monahan had charge of seven soliciting and collecting agents. Each of these agents was assigned to a designated territory, described as a "debit." Kelly was one of those agents and was assigned to debit 77 containing approximately 250 policy holders. Mr. Monahan's duties were to supervise the work of the seven agents under him, instruct them in the sale of life insurance, and advise with them regarding the conduct of the Company's business. He had authority to temporarily suspend agents under his supervision and recommend dismissal but could not discharge them. He, or the District Manager, received all collections from the Agents under him. All forms and communications from the agents to the Company passed through the hands of the District Manager or Assistant Manager. Each Saturday morning the agents reported at the district office where they received instructions from their Assistant Manager concerning their work for the ensuing week.

The cases of Riggs v. Higgins (and the Metropolitan), Vert v. Metropolitan Life Ins. Co. and Snowwhite v. Metropolitan Life Ins. Co., supra, demonstrate that this defendant had established a policy of maintaining such relations with its soliciting agents that those agents were independent contractors in the solicitation and sale of ordinary life insurance outside their debits. Did this evidence constitute a prima facie showing that Assistant Manager Monahan was a general agent with authority to change the policy of defendant company in its dealings with its soliciting agents and direct such an agent to use an automobile in the discharge of his duties?

█ It is plaintiffs' contention that proof of the fact that Monahan was defendant's Assistant Manager was sufficient proof of his authority to perform that act. Plaintiffs base that contention upon the general rule that when Monahan's agency was established the presumption arose that his authority was general and not special, Baker v. Kansas City, etc., Railway Company, supra, and that the burden was upon the party asserting restrictions upon his authority, to prove those restrictions. Southwest Missouri Electric R. Co. v. Missouri Pac. R. Co., 110 Mo.App. 300, 85 S.W. 966. But such a statement only partially states the rule. Although a general agent will be presumed to have authority co-extensive with the duties and necessities of his employment, since the burden is primarily upon the party asserting the existence of the agency to not only prove its existence but also the nature and extent or scope of the agent's authority, State ex rel. v. Becker, 318 Mo. 516, 1 S.W.2d 103; Johannes v. Union Fuel Co., Mo.App., 199 S.W. 1032; 3 C.J.S. Agency, § 317, p. 257, it is necessary to an assumption of authority to commit a particular act that such act be first shown to be within the general class of acts which constitute the agent's duties. The qualification is expressed in Sedalia Nat. Bank v. Economy Steam Heating & Electric Co., 145 Mo.App. 319, 130 S.W. 377, 379, as follows: "It has been said with respect to trading corporations that the apparent powers of the general manager are coextensive with the powers of the corporation. That statement, perhaps, is too sweeping, but we are within conservative limits when we say that the apparent authority of a manager of a trading corporation is coextensive with the

scope of all managerial requirements and necessities."

If the authority sought to be established is not such as would reasonably be assumed to be necessary or implied from the nature of the agent's work or business it will not be presumed from mere proof of uncircumscribed agency. 3 C.J.S., Agency, §§ 315, 317, pp. 253, 257. Further expression of the rule is found in Corpus Juris, Volume 2, page 920, in the following language: "If an agency is proved, without showing its extent, it is presumed to be general and not special, not in respect to everything, but only in respect to the business with which the agency is concerned."

Proof that Mr. Monahan was the overseer and instructor of soliciting and collecting agents in one district is not proof that he was a general manager or agent with authority to modify contracts between defendant and its agents in particulars which would seriously modify what appears from reported cases to have been a long, established policy of the defendant company. See Riggs v. Higgins, Vert v. Metropolitan Life Ins. Co., and Snowwhite v. Metropolitan Life Ins. Co., supra.

Since there was no evidence of Monahan's authority to direct the use of Kelly's automobile, plaintiffs' contention that defendant modified its contract with Kelly is untenable. For the same reason defendant was not accountable for Kelly's negligent operation of his automobile on the theory that Kelly's physical conduct was actively interfered with by Monahan's order.

The judgment of the trial court is affirmed.