**JEFFERSON–GRAVOIS BANK,**
Plaintiff-Respondent,

v.

**E.J. CUNNINGHAM, Jr.,**
Defendant-Appellant.

No. 47303.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 22, 1984.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
July 12, 1984.

Application to Transfer Denied
Sept. 11, 1984.

Thomas Lay Burroughs, St. Louis, for defendant-appellant.

Burton H. Shostak, St. Louis, for plaintiff-respondent.

KAROHL, Presiding Judge.

Defendant E.J. Cunningham appeals from a judgment entered against him and in favor of plaintiff-respondent Jefferson-Gravois Bank (bank) on a jury verdict for $41,823.88. The action was based on a promissory demand note in the amount of $25,000.00 plus interest given by defendant to plaintiff in return for a loan.[1] We reverse and remand for a new trial.

Defendant raised an affirmative defense contending that Richard M. Ross induced him to enter into the loan transaction with the bank by fraudulent misrepresentations, that Ross was plaintiff's agent, and that therefore the note was voidable. The defendant testified that Ross, whom defend-

---

1. Plaintiff's evidence was that there was an unpaid balance of $38,021.88. Under the terms of the note an additional 10% of the amount due was owed for attorney's fees.

ant had known for many years, asked him to become a partner in a tax shelter arrangement. Ross assured defendant that plaintiff would lend defendant the necessary $25,000.00. When defendant was reluctant to join without further information about the partnership, Ross told him the money was needed immediately, but assured him that if after defendant received the partnership papers he decided not to invest, he would have no further obligation under the loan. After defendant received the partnership papers he elected not to join and notified Ross, but Ross did nothing, and the bank demanded payment from defendant on the note.

Defendant testified further that throughout the transaction he never went into the bank and never dealt personally with anyone at the bank. Ross brought both the note and the cashier loan proceeds check to defendant's office at the same time on December 6, 1978, and the transaction was completed there. Defendant presented evidence that it was not the normal practice of the bank to furnish both a proceeds check and unsigned note to a prospective borrower at the same time, and that the loan documents, especially the proceeds check and unsigned note, are internal bank documents which only agents of the bank normally possess.

If the agreement between the bank and Cunningham was brought about by the bank's misrepresentations, the entire transaction could be set aside. *Ellis v. Farmer*, 287 S.W.2d 840, 851 (Mo.1956). A crucial link in defendant's case was to prove that any misrepresentations Ross made should be imputed to the bank because Ross was the bank's agent.

Defendant's decisive contention of error is that the trial court improperly excluded as immaterial and irrelevant evidence of a prior transaction involving him, the bank, and Ross. Defendant offered the evidence to support his agency theory. Defendant made an offer of proof that in October, 1977, Ross had arranged another loan for him through the bank. Ross suggested the loan, made all contacts with the bank, and

defendant received the proceeds, received statements from the bank, and paid off the loan without entering the bank or talking to anyone at the bank.

Agency need not be directly proven, it may be inferred from facts and circumstances in the case including prior habits or dealings of a similar nature between the parties. *Walker v. Multi-Wood Products, Inc.*, 581 S.W.2d 617, 619 (Mo.App. 1979). Defendant was attempting to prove that Ross had implied or apparent authority rather than express authority. Implied agency is a principal-agent relationship created by the parties without any express oral or written agreement. *Centennial State Bank v. S.E.K. Construction Co., Inc.*, 518 S.W.2d 143, 148 (Mo.App.1974). Agency may be implied where a purported agent acts as though he or she has authority and the alleged principal with knowledge of such acts acquiesces. *Jordan v. Robert Half Personnel Agencies of Kansas City, Inc.*, 615 S.W.2d 574, 582 (Mo.App.1981). Prior transactions or evidence of a course of conduct involving the purported agent and principal, such as the evidence sought to be introduced here, is probative of the existence of implied agency. *Dudley v. Dumont*, 526 S.W.2d 839, 844–45 (Mo.App. 1975).

The evidence was also relevant and material to the question of whether in the alternative, Ross had apparent authority. Ross had apparent authority if the bank created such an appearance of things that it caused Cunningham reasonably and prudently to believe Ross had the power to act on the bank's behalf. *Trail v. Industrial Commission of Missouri*, 540 S.W.2d 179, 181 (Mo.App.1976). The bank, by allowing Ross to carry out this prior similar loan transaction, could have helped to create such an appearance.

[W]here [the principal's] *habits and course of dealing* have been such as to reasonably warrant the presumption that such other was his agent authorized to act in that capacity, whether it be in a single transaction or in a *series of transactions*, his authority to such other to

act for him in that capacity will be conclusively presumed, so far as it may be necessary to protect the rights of third persons who have relied thereon in good faith and in the exercise of reasonable prudence ...

*Bennett v. Potashnick*, 214 Mo.App. 507, 257 S.W. 836, 838 (1924), quoting Mechem on Agency § 84. (emphasis added).

■ The trial court prejudicially erred in denying defendant an opportunity to present evidence of a prior similar transaction. The evidence was relevant to proving agency, a crucial aspect of defendant's affirmative defense.

The other alleged errors raised by defendant may reoccur on retrial, and we therefore discuss them.

■ Defendant contends that the trial court erred in allowing plaintiff to argue to the jury that a negative inference could be drawn against defendant from the fact that Ross was not present at the trial. It is reversible error to argue a negative inference from failure to call a witness where the witness is equally available to both parties. *Leehy v. Supreme Express & Transfer Co.*, 646 S.W.2d 786, 790 (Mo. banc 1983).

■ In order to determine equal availability we must first determine whether both parties knew the identity and whereabouts of the witness. *Hill v. Boles*, 583 S.W.2d 141, 145 (Mo. banc 1979). Both parties here agree that they knew of Ross and knew he was somewhere in Arizona. Next we must determine, in light of prior statements or declarations of the witness and of his relationship to each party, whether he would be likely to testify in favor of one party or the other. 583 S.W.2d at 145–46. Defendant pleaded that Ross was responsible for misrepresenting the transaction. In this case, given the circumstances, it is not likely that Ross would have wanted to testify on behalf of defendant and subject himself to possible liability or even criminal prosecution for fraud. Therefore it is not likely that he would have made himself available to defendant. We do not find Ross more available to defendant than to plaintiff. The trial court erred in allowing plaintiff to tell the jury several times that they could infer from Ross' absence that had he been there he would have testified against defendant.

Defendant's final contention is that the trial court erred in not permitting him to cross-examine Howard E. Hickey as a hostile witness. Defendant subpoenaed Hickey, who was the president of the bank at the time the loan in question was made. Hickey left his position with the bank a few months after the loan transaction and became a business associate of Ross, with whom he was still associated at the time of trial. Defendant unsuccessfully sought to impeach Hickey twice with prior inconsistent statements from his deposition.

■ Generally in Missouri a party may not impeach his or her own witnesses unless they are adverse parties, *Coulter v. Michelin Tire Corp.*, 622 S.W.2d 421, 432 (Mo.App.1981), *cert. denied*, 456 U.S. 906, 102 S.Ct. 1752, 72 L.Ed.2d 162 (1982); § 491.030, RSMo 1978, or the party is surprised and prejudiced by their testimony. *Jordan v. Robert Half Personnel Agencies of Kansas City, Inc.*, 615 S.W.2d at 586. Defendant here anticipated when he called Hickey that he might not testify as he had in his deposition. Defendant asserted at trial, however, and asserts here, that because Hickey was president of the bank at the time of the transaction and was going to be questioned regarding that time, Hickey was an adverse party subject to impeachment under § 491.030, RSMo 1978.

■ Hickey was not a plaintiff in the action and was not employed at the time of trial by plaintiff. A former employee of a party is no longer under the employer's control and not necessarily friendly to that employer. We find that the fact that a witness was employed by an adverse party at the time of the transaction in question does not necessarily make him or her an adverse or interested party under § 491.-030, RSMo 1978. The trial court should consider the particular facts of the case such as the position the witness held with

the employer, the relationship of the witness to the subject matter of the case, the subject matter and time frame of the proposed questions, and if known, the circumstances under which the witness left the employ of the adverse party.

Here Hickey had been president of plaintiff bank and had given his approval to the loan in question. Defendant sought to attack the regularity of the loan transaction which took place while Hickey was president. The witness would be expected to defend his own actions which were also the actions of his former employer. In addition, defendant used a subpoena to bring Hickey into court. There was no evidence as to why Hickey left the bank.

The trial court's discretion regarding the cross-examination of witnesses, including the impeachment of a witness for prior inconsistent statements, is reviewable only for abuse. *State ex rel. State Highway Commission v. Blue Ridge Baptist Temple, Inc.*, 597 S.W.2d 236, 240 (Mo.App. 1980). The court, however, should not foreclose inquiry on a proper subject. *Merk v. St. Louis Public Service Co.*, 299 S.W.2d 446, 449 (Mo.1957). Under the circumstances here we find the trial court erred in not allowing defendant to impeach Hickey regarding the regularity of the transaction.

We reverse and remand for a new trial.

REINHARD and CRANDALL, JJ., concur.